THE MORTGAGE TRUST COMPANY OF PENNSYLVANIA
v. W. J. FLEMING et al.

No. 42.

GRANTING NEW TRIAL—*Ruling, When not Disturbed.* Where the trial court sustains a motion for a new trial on the ground that the verdict of the jury is not supported by the evidence, and the record discloses conflicting testimony from which different con-

clusions might reasonably be drawn, such ruling will not be disturbed by this court.

MEMORANDUM.— Error from Pottawatomie district court; WILLIAM THOMSON, judge. Action by The Mortgage Trust Company of Pennsylvania against W. J. Fleming and others to foreclose a mortgage. From an order granting defendants a new trial plaintiff brings the case to this court. Affirmed. The opinion herein, filed February 14, 1896, states the material facts.

*H. Aylmer Coates*, for plaintiff in error.
*E. L. Marsh*, for defendants in error.

The opinion of the court was delivered by

CLARK, J. : This action was brought by the Mortgage Trust Company of Pennsylvania against W. J. Fleming *et al.* to recover a personal judgment against Fleming on a coupon-mortgage note for $500 alleged to have been executed by him, and to foreclose a mortgage on certain real estate in Pottawatomie county securing the payment thereof. The defendant Fleming answered under oath, denying the execution of the note and mortgage, and this issue was submitted to a jury, which in due time returned its verdict in favor of the plaintiff. The defendant filed his motion for a new trial, setting forth, among other of the statutory grounds as reasons therefor, that " the verdict, report and decision is not sustained by sufficient evidence and is contrary to law." This motion was sustained by the court, the record showing that a new trial was granted for the reason that " the verdict is contrary to and not supported by the evidence." The plaintiff duly excepted to this ruling, and has brought the case here for review, assigning for error the action of the

court in vacating the verdict of the jury and granting a new trial.

The plaintiff in error contends that the prevailing rule of law is that

"unless the verdict is *clearly, palpably, decidedly, strongly* and *shockingly* against the competent evidence, a court has no legal right to set it aside as unsupported thereby ; and that, when the evidence is conflicting, a difference of opinion thereon by a court is nothing but its personal opinion ; and that the jury are then the exclusive judges of the weight of the evidence and the credibility of the witnesses. There is no prerogative in the court in such event authorizing it to override the finding of the jury, and set aside their verdict on the ground that it is against the weight of the evidence."

This court, in *C. R. I. & P. Rly. Co. v. Reardon,* 1 Kan. App. 114, passed upon the question at issue, and there held that

"it is the duty of the trial judge passing on a motion for a new trial, one of the grounds of which is that the verdict of the jury is not sustained by sufficient evidence, to review the evidence in the case, and to approve or disapprove the verdict; and if, after such review of the evidence, he is clearly of the opinion that the verdict is wrong, he should express his disapproval by setting it aside and granting a new trial."

In the opinion, GARVER, J., reviews the decisions of our supreme court at some length, and says :

"The functions of judge and jury are dissimilar until the verdict is rendered ; but at that point the duties of the trial judge are enlarged and he is called upon to consider, weigh and pass upon all questions of fact as well as of law in the case. The decision of the jury cannot be ignored or laid aside simply because, in the exercise of his judgment upon the evidence, the judge would have arrived at a different

conclusion; but, when the difference between the judge and jury is so marked that the former cannot bring his judgment to acquiesce in the conclusions of the latter as being such conclusions as reasonable men might, under the circumstances, naturally arrive at, it is his duty, without evasion or hesitation, to withhold any approving act from a verdict so rendered, and set it aside.''

There is no question but that, in July, 1887, the defendant executed and delivered to a firm of loan agents in Pottawatomie county, who also represented plaintiff's assignors, a note for $500 and a mortgage on real estate to secure its payment.   A member of that firm testified that this mortgage was subsequently released of record, and, together with the note, returned to the defendant; that on August 1, 1887, Fleming signed a written application, prepared by the witness, for a loan of $500, and that on August 18 the defendant executed the note and mortgage sued on in this action.   The record shows that Fleming was indebted to certain parties on other notes, which were held by this firm of loan agents for collection, amounting to nearly $500, which were paid out of the proceeds of the loan; but they were not delivered to the defendant, nor was any money paid to him until some time in August.   The defendant testified that the note and mortgage which he signed in July had never been returned to him, and that he supposed his payments of interest were being applied on that loan. He also testified that he had no knowledge or information concerning the note and mortgage in controversy until after this suit was brought, and that he did not execute them.   Several witnesses, including bankers of many years of experience, accustomed to examine and compare signatures, testified that in their judgment the note and mortgage sued on in this

action were not executed by the defendant.    True, two witnesses testified that they saw the defendant sign them, yet they both admitted on cross-examination that they had but recently been brought back from New Mexico on extradition papers ; but upon what charge they were being prosecuted does not appear from the record.    They were both members of the firm of loan agents to whom the July note and mortgage had been executed, and both testified regarding that transaction, and it is almost wholly upon their testimony that the plaintiff relied to establish its case.  Another witness testified that he was with the defendant constantly from the 1st day of August, at 9 o'clock A. M., until the 20th or 21st of that month, in Marshall county, and this statement is corroborated by the defendant ; and if their testimony is true, the witnesses of the plaintiff must have been in error when they stated that the written application was signed in their office, in Pottawatomie county, on the 1st day of August ; that about a week thereafter the defendant called in person and got the note and mortgage which he had executed in July, and that he had also executed the new note and mortgage in their office on the 18th day of August.    The evidence is conflicting, and while the jury found the issues in favor of the plaintiff, and while from an examination of the record it might seem that the verdict was supported by the evidence, yet the trial judge, having the same opportunity to hear and see the witnesses as the jury had, is better able to determine that question than a reviewing court can be with nothing before it save the printed record of the proceedings of the trial court.

As we cannot say that the court erred in granting a new trial on the ground that the verdict was contrary to and not supported by the evidence, the order

vacating the verdict and granting a new trial must be affirmed.

All the Judges concurring.