THE PEOPLE, *ex rel.* Alexander S. Johnson, testamentary trustee, &c., *vs.* JANE A. LORD.

The defendant testified that her husband had access to a drawer in which she had last seen a certain paper, and that he had destroyed some papers which were in the drawer. He was not called on to show that he destroyed the paper, nor was its loss otherwise accounted for. *Held* insufficient evidence of loss to admit secondary evidence of the contents of the paper.

When it appears that the party offering parol evidence of the contents of a

written instrument would have an interest in getting rid of the original, in order to introduce secondary evidence of its contents, the clearest proof of loss is required.

THIS case came before the court upon a writ of *certiorari*, issued by Justice DOOLITTLE, directed to E. B. Hastings, Esq., a justice of the peace of the city of Utica, and returnable at the General Term, to review a judgment rendered by said justice, in favor of the defendant and against the relator, in summary proceedings instituted by the relator to remove the defendant from the possession of premises occupied by her.

Mr. Alexander B. Johnson, deceased, in his lifetime gave a lease of certain premises in the city of Utica, to the defendant, for the term of five years, commencing May 1, 1867. Johnson died shortly afterwards, leaving a last will by which the relator was appointed trustee. As such trustee, he received from the defendant, at various times, the rents due under the lease.

The summary proceedings were instituted on the 1st day of May, 1872, on the ground that the term of the defendant under the lease had expired. The defendant alleged, by way of defence, that after said lease was executed, and while she was in possession of the premises, A. B. Johnson, the lessor, delivered to her a writing, whereby he extended the lease, on the same conditions, for the term of two years from the 1st of May, 1872, and that she held by virtue of said writing. The writing was not produced. The defendant testified, in the proceedings before the justice, on her direct examination, as follows: "I put this paper in a box in a table drawer, with other papers; this paper was about a quarter sheet of cap, in size; it had writing on it; it was handed to me by Johnson himself, a few days after the giving of the lease; some time since I saw this paper; a year and a half to two years ago; last time I saw it, to my recollection, was when I was clearing out

some papers, and destroying some of them; I kept other papers and letters in this drawer; I do not know what became of this paper; I have made a search for the paper — searched thoroughly for it; last searched for it yesterday; may have searched two or three days in all; perhaps not so much; I am unable to find the paper; I am sure I had such a paper; I found my husband destroying papers taken from this drawer over a year ago; he burned up a number of papers at this time; some from this drawer; I went to look and found he had destroyed papers; I found one note in two — part destroyed and part left; this drawer was the place where I always kept this paper; I have burned papers from this drawer myself, but I never destroyed this paper myself, intentionally; nor did I ever consent to its being destroyed by any one else."

On cross-examination, the defendant testified:

"Nothing fixes the time in my mind when the papers were burned, precisely; may be a year ago, more or less; think I saw the paper last some eighteen months ago; am quite certain I saw paper within the six months prior to the time the papers were taken out and burned; it was always kept there, and there is where I saw it last; I do not know whether my husband ever saw paper or not; I kept the original lease or duplicate in a pocket-book in a basket; I never put the continuation of lease with the duplicate I had; I kept my larger papers in the pocket-book, smaller papers in another place."

Judgment was given by the justice in favor of the defendant.

*Francis Kernan,* for the relator, cited 3 *R. S., 5th ed.,* 839, §§ 47, 48, 691, § 109; 2 *id., 1st ed.,* 516; *Laws of* 1868, *vol.* 2, *p.* 1932, § 5; *Niblo* v. *Post,* 25 *Wend.,* 280, 311; *Buck* v. *Binninger,* 3 *Barb.,* 391, 400, 401; 6 *N. Y.,* 319, 321, 324–6; *Russell* v. *Rogers,* 15 *Wend.,* 351; *Jack-*

son v. *Frier*, 16 *John.*, 193 ; *Jackson* v. *Root*, 18 *id.*, 60 ; *Jackson* v. *Hasbrouck*, 12 *id.*, 192.

*S. I. Barrows*, for the defendant, cited *Potter* v. *Deyo*, 19 *Wend.*, 361 ; *People ex. rel. Storer* v. *Stiner*, 30 *How.*, 129 ; *People ex rel. Livermore* v. *Hamilton*, 39 *N. Y.*, 107, 108 ; *Avery* v. *Woodbeck*, 62 *Barb.*, 557 ; *Code*, §§ 366, 399 ; *Lobdell* v. *Lobdell*, 23 *How.*, 347–8 ; *Dunham* v. *Simmons*, 3 *Hill*, 609 ; *Smith* v. *Hill*, 22 *Barb.*, 656 ; *Sheldon* v. *Wood*, 2 *Bosw.*, 269 ; *Newton* v. *Harris*, 6 *N. Y.*, 345 ; 47 *Barb.*, 523 ; 34 *N. Y.*, 383 ; *Williston* v. *Williston*, 41 *Barb.*, 635 ; 1 *Greenl. on Ev.*, § 358 ; *Graham* v. *Crystal*, 1 *Abb.*, *N.S.*, 121 ; *Board of Supervisors of Livingston Co.* v. *White*, 30 *Barb.*, 72 ; *Bank of North America* v. *Embury*, 33 *id.*, 323 ; *Leland* v. *Cameron*, 31 *N. Y.*, 115 ; *Pitney* v. *Glens Falls Ins. Co.*, 61 *Barb.*, 337 ; *Spaulding* v. *Hallenbeck*, 35 *N. Y.*, 204 ; *Quin* v. *Lloyd*, 41 *id.*, 349 ; *Halsey* v. *Black*, 26 *How.*, 97 ; 28 *N. Y.*, 438 ; 49 *Barb.*, 146 ; 31 *N. Y.*, 480.

*By the Court*, MULLIN, P. J. The judgment of the justice must be reversed, for the reason that parol evidence of the contents of the writing extending the term of the tenant for two years from the expiration of the original lease, was improperly received.

The respondent's husband not only had access to the drawer in which the paper was last seen, but he took from it, and destroyed, papers that were in the same drawer, and he was not called to show that he destroyed the paper, nor but that he took it, and has it still in his possession.

To authorize the introduction of secondary evidence of a writing, it must clearly appear that it is in the possession of the opposite party, or that it is lost or destroyed. (2 *Cowen & Hill's Notes*, 1215.)

When it appears that the party offering the parol evidence would have an interest in getting rid of the origi-

nal paper, in order to introduce secondary evidence of its contents, it requires the clearest proof of loss. (2 *Cow. & H. Notes*, 1216.) If he destroys it voluntarily, for some fraudulent purpose, the clearest proof of loss or destruction will not entitle him to give the secondary evidence. (*Id.*, 1216.)

The paper in question was highly important. Upon it depended the plaintiff's right to remain in possession. By its loss the relator was deprived of the right to dispute its genuineness or its legal effect upon the rights of the parties.

Without intending to intimate that we think there was a fraudulent possession of the paper, we are not satisfied with the proof of either the loss, or destruction, of the paper.

The proceedings and judgment of the justice are reversed, with costs.

[FOURTH DEPARTMENT, GENERAL TERM at Rochester, April, 1874. *Mullin, E. D. Smith* and *Gilbert*, Justices.]