## CAMPANELLO v. NEW YORK CENT. & H. R. R. CO.

*(Superior Court of Buffalo, General Term.   July 16, 1891.)*

APPEAL—DISCRETION OF TRIAL COURT.

Counsel for defendant summed up his case and discussed the evidence fully, but when plaintiff's counsel began summing up, and after he had commenced his argument to the jury, the trial judge requested him to cut short his argument to the jury, as he desired an early adjournment. Counsel did as requested, and the jury rendered a verdict for defendant. The court granted plaintiff's motion to set aside the verdict and grant a new trial, on the ground that plaintiff might have been prejudiced by his counsel's argument having been cut short. *Held*, that such motion was addressed to the sound discretion of the court, and its ruling would not be disturbed on appeal unless an unreasonable exercise of such discretion was shown.

Appeal from special term.

Action by Dominico A. Campanello, by guardian, against the New York Central & Hudson River Railroad Company. From an order granting a motion made by plaintiff to set aside a verdict in favor of defendant and granting a new trial, defendant appeals.

Argued before BECKWITH, C. J., and TITUS, J.

*McMillan, Cluck & Pooley*, for appellant.   *Close & Fleischmann*, for respondent.

PER CURIAM. On the trial of this action before a jury, after the close of the testimony on both sides, the counsel for the defendant summed up his case, and discussed the evidence fully, and the plaintiff's counsel began summing up, and, after commencing his argument to the jury, the judge presiding at the trial requested the counsel to cut short his argument to the jury, as he desired an early adjournment. The counsel did as requested, the court charged the jury, and they returned a verdict in favor of the defendant. The plaintiff then made a motion before the trial judge to set aside the verdict of the jury on the ground that he did not have a full and fair opportunity to present his view of the evidence in the case to the jury, and that the interruption from the court distracted his attention from the facts in the case, confused his thoughts, and prejudiced him and his client before the jury. The court, after listening to affidavits setting forth these facts, set aside the verdict, and ordered a new trial on the ground that the plaintiff probably was prejudiced, and that the jury, without understanding the reason for the counsel's abruptly closing his argument, drew unfavorable inferences that the counsel had but little faith in his case, and did not expect a verdict at their hands. The defendant appealed from the order setting aside the verdict and granting a new trial, and now insists that the judge acted without any sufficient evidence, and had no authority to grant the plaintiff's motion. It is not doubted that the court may entertain a motion to set aside a verdict on the minutes for causes other than those mentioned in the Code of Civil Procedure, if substantial justice will be promoted by so doing. *Emmerich* v. *Hefferan*, 33 Hun, 54. Such motions are addressed to the sound discretion of the court; and if the court can see that the party has been prejudiced by some inadvertent remark or suggestion of the court, such discretion may be properly exercised. *Platt* v. *Munroe*, 34 Barb. 291. The order made granting a new trial was not predicated on error appearing in the case, and could not have been made without making and settling a case, nor upon newly-discovered evidence, but rather on an inadvertence on the part of the trial judge which might and probably did prejudice the plaintiff's case before the jury. We do not think the criticism of the defendant's counsel of the ruling of the trial judge is appropriately made, or justified by the facts. He seems to have misapprehended the ground upon which the order was placed. It was an ap-

peal to the favor and discretion of the court, and such motions are not controlled by arbitrary rules of law or practice. *Platt* v. *Munroe, supra.* If the court was of the opinion that the rights of the plaintiff had been prejudiced in the minds of the jury by its own conduct, and that justice would be promoted by granting a new trial, having a knowledge of all the facts and attending circumstances, we cannot say that the discretion was improperly exercised. *Tyler* v. *Hoornbeck,* 48 Barb. 197; *Meddaugh* v. *Bigelow,* 67 Barb. 109, opinion, MILLER, P. J.; *Shuttleworth* v. *Winter,* 55 N. Y. 624. A party is entitled to a full and fair hearing before the jury, and when that right has been denied him by some word or act of the trial judge, although without intending to prejudice his rights in the minds of the jury, it is not an abuse of discretion to correct it by granting a new trial. From the evidence it appears that a verdict either way would have the support of evidence, and any slight circumstance might have turned the scale for or against the plaintiff. In such cases the courts have been liberal in granting new trials, although it could not be said as a matter of fact that the case was actually prejudiced in the minds of the jury. *Baird* v. *Daly,* 68 N. Y. 547; *Hamilton* v. *Railroad Co.,* 53 N. Y. 25. The cases cited by the learned counsel for the defendant arose on motions for a new trial on errors, to which exception must be taken, or in cases of newly-discovered evidence and surprise occurring on the trial, and, in our view of the case, have no application here. The order of the special term should be affirmed, but without costs.