(6 Misc. Rep. 179.)

### SWARTOUT v. WILLINGHAM.

(Circuit Court, Monroe County. December 1, 1893.)

1. NEW TRIAL—INSUFFICIENCY OF EVIDENCE.
    A new trial will not be granted on the ground that the verdict is against the weight of the evidence, where there was as much evidence to support one side as the other.

2. SAME—DISCRETION OF THE COURT.
    The rule that it is discretionary with the court to grant a new trial on the ground that the verdict was against the weight of the evidence applies only to cases where it can be seen that the evidence was insufficient to support the verdict, and not to cases where the evidence, though conflicting on material points, was sufficient.

3. SAME—VERDICT CONTRARY TO LAW.
    Code Civil Proc. § 999, authorizing a new trial where the verdict "is contrary to the evidence," refers to the act of the jury in drawing an unjustifiable conclusion from the evidence, and not to the act of the court in instructing the jury as to what the verdict shall be based on, and therefore a verdict rendered pursuant to an improper instruction will not be set aside as "contrary to law."

4. SAME—LIMITING TIME FOR ARGUMENT.
    An objection that the court did not give counsel sufficient time to sum up the case to the jury is not available as a ground for a new trial unless it was suggested at the trial that he desired more time.

v.26N.Y.s.no.5—49

**5. SAME—MOTION MADE ON THE MINUTES OF THE COURT.**

A motion for a new trial, on the minutes of the court, can be made only on the grounds specified in the statute, (Code Civil Proc. § 999,) which does not include the refusal of the court to allow counsel sufficient time to sum up the case to the jury.

**6. SAME—NEWLY-DISCOVERED EVIDENCE.**

On a motion by plaintiff for a new trial, for newly-discovered ·evidence, after a verdict for defendant in .an action for injuries caused by col- lision with defendant's wagon while plaintiff was riding on his bicycle near the curb, on the proper side of the street, it having been claimed by plaintiff on the trial that defendant drove towards plaintiff, so that it was impossible to avoid a collision, the moving affidavit stated that affiant saw defendant approaching plaintiff, and that at the time of the collision plaintiff was about three feet from the curb. An opposing affi- davit, by the same person, stated that affiant did not see defendant approaching plaintiff, that his attention was first attracted by the crash ·of the collision, and that defendant's wagon was then at least eight feet from the curb. *Held*, that it was not shown that a different result would probably be reached on a new trial.

Action by Arthur E. Swartout against William Willingham to recover damages for personal injuries. Plaintiff moves for a new trial on the minutes after a verdict in favor of defendant, and also moves for a new trial on the ground of newly-discovered evidence. Denied.

A. L. Childs, for plaintiff.
·Cassius C. Davy, for defendant.

RUMSEY, J. The action was brought to recover for damages sustained by the plaintiff because of injuries which he received from a collision with a delivery wagon driven by the defendant. The plaintiff was riding down East avenue upon a bicycle, and the defendant·was driving in the opposite direction. The plaintiff was going west, and was riding on the north side of the street, a short distance from the curb, and therefore was upon the right side of the highway, as the statute required him to be. The defendant, driv- ing in the opposite direction, was upon the same side of the center of the highway, but just how close to the curb does not appear. The statement of the plaintiff was substantially that as he was riding along the street, at a moderate rate of speed, the defendant turned into the street, and drove towards the plaintiff, in such a way as to make it impossible for him to avoid a collision, and that he was struck by one of the thills of the defendant's wagon, and seriously hurt. The claim of the defendant was that the plaintiff was riding at a high rate of speed; that the defendant was going east upon the highway, at a distance of 12 or 15 feet from the curb, leaving plenty of room for the plaintiff to pass upon his bicycle; and that the plaintiff, riding carelessly, ran against the defendant's wagon, striking the forward wheel, and so received his hurts. Very con- siderable evidence was given by each party to sustain his claim. The case was submitted to the jury, who found a verdict for the defendant, which was amply sustained by the testimony in the case. The plaintiff made a motion upon the minutes for a new trial, which was submitted at the circuit; but the briefs were not filed until after a motion had been made by the plaintiff for a new trial upon

affidavits upon the ground of newly-discovered evidence, and the briefs in both motions were filed together. No claim is made by the plaintiff that there was any error in the rulings upon the admission of evidence, or in the charge of the court in submitting the case to the jury.

The first point made by the plaintiff is that the verdict was contrary to the evidence. This is undoubtedly not well taken, because there was, to say the least of it, quite as much evidence to sustain the defendant's contention as there was to sustain the claim of the plaintiff.

The next point which he makes is that the verdict was contrary to the law defining the rights of persons riding bicycles on the highway. It is not exactly clear what is meant by this proposition. If it is meant that the jury were not properly instructed with regard to the law of the case, then the only remedy of the plaintiff was to take an exception to such portions of the charge as he considered to be erroneous. If he fails to take the exception, then he cannot raise the question upon this motion. But the phrase "contrary to law," in the section of the Code,[1] does not refer to an erroneous decision by the court as to the law of the case. The phrase is used in reference to the verdict, and it authorizes the motion "because the verdict is contrary to the evidence or contrary to the law." That means that the verdict is one which the law does not authorize the jury to render upon the evidence presented to them. The phrase refers to the act of the jury in drawing from the evidence a conclusion which is not justified by it, and for that reason may be said to be contrary to the law. It does not refer to any act of the court in giving to the jury directions upon which their verdict is to be based, for although such verdict may be contrary to the law, in the sense that it is not authorized by the law, yet it is not an error for which the jury are responsible, but it is an error for which the court is responsible, but to be pointed out by an exception. This seems to be the rule laid down by the general term of this department, and I think it is the only reasonable rule which can be applied in such cases. Richardson v. Van Voorhis, (Sup.) 3 N. Y. Supp. 599. When, in any case, the evidence is examined, and is found to be such as warrants the verdict in the case, the verdict cannot be said to be contrary to the law. The verdict here was certainly warranted by the evidence.

The point is made that the granting of the motion for a new trial on the minutes is discretionary with the court. That is very true in cases where the motion is based upon the ground that the verdict is contrary to the evidence. The same rules obtain in that case that always have obtained,—that, where a new trial is moved for because the verdict was against the weight of evidence, the discretion of the court can be exercised by granting a new trial, where justice requires it, if it shall be seen that there was not sufficient evidence to support a verdict; but if there was such evidence, and the jury might properly have rendered the verdict

[1] Code Civil Proc. § 999.

which they did, then the court has no discretion to grant a new trial, because, when the jury have passed upon the case, and rendered a verdict which is supported by the evidence, they have done that which the law authorizes them to do. A new trial cannot be granted, where the evidence is conflicting on material points, and where that is the case the court has no discretion, but is bound to deny it, even though the conclusion reached by the jury may be one which the court itself would not have reached upon the same testimony. Beckwith v. Railroad Co., 64 Barb. 299.

The plaintiff further asks that the motion for a new trial may be granted because sufficient time was not given him to sum up the case to the jury. The court allowed 20 minutes to each side to present the case, which was clearly within its discretionary power. No complaint was made by either of the counsel to the limitation thus established, and it was not suggested at the trial by the counsel for the plaintiff that he desired more time to present his case to the jury. Indeed, he does not claim now that he required more time to present the matters as to which the evidence was conflicting; but he says that he did not have sufficient time to explain to the jury that the evidence of the plaintiff upon a matter which was not contradicted should have been accepted and believed by the jury. To this claim of the plaintiff that a new trial should be granted on this ground, there are several answers. In the first place, the motion for a new trial on the judge's minutes cannot be made upon any such ground. The right to make such a motion is one which arises entirely from the statutory provision, and it can be made only upon those grounds upon which the statute permits it to be made. Delaney v. Brett, 51 N. Y. 78, 81. It is quite true that the superior court of Buffalo has said in the case of Campenello v. Railroad Co., 15 N. Y. Supp. 670, that the court might entertain a motion upon the minutes to set aside a verdict for other causes than those mentioned in the Code of Civil Procedure; but that remark was not necessary to the decision of the court in that case, and was not sustained by the case which was cited as authority for it, and manifestly is not correct. The remedy of the plaintiff in this case, where he claims that injustice has been done to him by summarily cutting short his summing up, would be to move upon affidavits showing the fact that he had suffered an injustice from the ruling of the court, and asking for a new trial. But he could not do that, unless upon the trial, when his time to sum up had been limited, he had called attention to the fact that he required more time to sum up his case, and asked for it, and been refused. Nothing of the kind was done in this case. There was no request for further time, and there is nothing to show that any injustice was suffered because more time was not allowed.

The plaintiff complains, too, that the jury was prejudiced against the riders of bicycles. It is sufficient to say upon this point that there is not one particle of evidence to establish any such thing. These are all the considerations presented upon the motion for a new trial upon the minutes, and none of them is sufficient to warrant the court in granting such relief.

But a motion is also made for a new trial on the ground of newly-discovered evidence. The plaintiff, upon that motion, presents two affidavits,—one by Jonathan G. Myer, and another by John H. Jeffries. As to Mr. Jeffries' affidavit, it is sufficient to say that he does not pretend to have seen the collision between the parties, nor does he pretend to state what the plaintiff was doing when the accident occurred, or immediately before that time. The only material fact which he states, which was contradicted upon the trial, is that Mr. Taylor, who was going at the rate of seven miles an hour, in his judgment, was gaining upon the plaintiff. It may be inferred from this statement that, in the affiant's judgment, the plaintiff was traveling at less than seven miles an hour. But that, of itself, was not a very important matter in the case, and it is not sufficient to warrant a new trial.

The other affidavit is that of Jonathan G. Myer, who testifies in the moving papers that he saw the defendant approaching the plaintiff, and driving a covered delivery wagon; that he heard a crash, and saw the plaintiff fall from his bicycle, and saw the defendant pull back his horse after the plaintiff fell; and that the plaintiff was within three or four feet from the curb on the north side of East avenue when he fell. The same man says in the opposing affidavits that he did not see the defendant approaching the plaintiff, and he is not able to state whether the defendant was driving his horse rapidly or slowly; that the defendant did not attract his attention until after the accident; and that the first he saw was, after the crash, seeing the plaintiff falling from his bicycle. He says, too, in the opposing affidavit, that at the time of the crash the defendant's wagon was at least eight feet from the curb. If we take the story of this affiant, to be gained from the three affidavits which he has made, it is exceedingly uncertain what he saw or what he would swear to. It is quite clear, however, that his testimony would not be sufficient to change materially the condition of affairs, as it was made to appear upon the trial, and certainly the court cannot say that it is even probable that such testimony would bring about a different result. For that reason the motion for a new trial upon the ground of newly-discovered evidence is denied.