### EAGAN v. HYDE.

(Supreme Court, Appellate Term. November 6, 1903.)

1. VERDICT—SETTING ASIDE—SUFFICIENCY OF GROUNDS.
     Where there was a fair conflict in the evidence, and nothing to indicate that the jury was actuated by partiality or passion, and the evidence did not preponderate in favor of the defendant, and the trial court merely stated that he was convinced that the plaintiff's case had not been made out by a fair preponderance of the evidence, it was error to set aside a verdict for plaintiff.

2. SAME—NEW TRIAL.
     Where the trial court set aside a verdict for plaintiff on the express ground that he was convinced that plaintiff's case had not been made out by a fair preponderance of the evidence, it was error to dismiss the complaint and not give plaintiff an opportunity for a new trial.

Appeal from City Court of New York.

Action by Mary Eagan against James W. Hyde, as executor, etc. From an order setting aside a verdict for plaintiff and dismissing the complaint, she appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

Peck & McCann, for appellant.
Parker & Aaron, for respondent.

¶ 1. See New Trial, vol. 37, Cent. Dig. § 148.

BLANCHARD, J. In this action there is a demand for reversal of the judgment on two grounds, and both are well taken and sustained.

The court erred in setting the verdict aside. There was a fair conflict in the evidence, and nothing to indicate that the jury was actuated or influenced by partiality or favor, prejudice or passion. The evidence did not preponderate in favor of the defendant. Upon the evidence disclosed in the record, the learned trial court could not assume, as matter of law, to determine the facts, but should have left them to be determined by the jury. The verdict of the jury should not have been disturbed by the court. The rule of law as to setting aside a verdict is so well settled that only brief reference will be made to cases.

In Swartout v. Willingham, 6 Misc. Rep. 182, 26 N. Y. Supp. 772, the court says:

"A new trial cannot be granted where the evidence is conflicting on material points, and where that is the case the court has no discretion, but is bound to deny it, even though the conclusion reached by the jury may be one which the court would not have reached upon the testimony."

In Layman v. Anderson, 4 App. Div. 126, 38 N. Y. Supp. 884, the learned court says:

"If the verdict of the jury may be set aside in any case where the court is not satisfied with it, if the court must be satisfied as well as the jury, then the court may as well dispense with the jury altogether and make the decision itself. This, of course, is not the rule where the case is one that should properly be submitted to the jury. The verdict must stand whether it is satisfactory to the court or not."

The court erred in granting the motion to dismiss the complaint. A mere casual reading of the evidence reveals more than enough to bring the plaintiff's case within the rule laid down in McDonald v. Metropolitan Street Railway Company, 167 N. Y. 66, 60 N. E. 282, and cases there cited. The learned court itself did not maintain that the plaintiff had produced no evidence, or no more than a scintilla, in setting aside the verdict and dismissing the complaint. In the printed case the court says: "I am convinced that the case has not been made out by a fair preponderance of the evidence." While this view of the weight of the evidence might justify the setting aside of the verdict, it is not sufficient to justify the dismissal of the complaint. In setting aside the verdict, it was the duty of the trial court to have given the plaintiff an opportunity for a new trial, and the failure to do so is reversible error. The verdict was not contrary to the evidence, nor against the weight of evidence. No exceptions were taken by the defendant to the admission of evidence or the charge of the court. All the rights of the defendant were protected by the very careful charge of the court, and no proper or necessary interest can be subserved by granting a new trial.

The judgment and order must be reversed, and judgment directed for the plaintiff upon the verdict of the jury, with costs, and the costs and disbursements of this appeal. All concur.