FLOWER et al. v. KASSEL et al.

(Supreme Court, Appellate Term.  May 5, 1905.)

1. BROKERS—SALE OF REAL ESTATE—WRITTEN AUTHORITY.

Where a broker procured written authority to sell real property from one of the owners, he was not guilty of a violation of Pen. Code, § 640d, as amended by Laws 1901, p. 312, c. 128, making it a misdemeanor for any person to offer for sale any real property in cities of the first and second class without written authority.

2. SAME—PARTIES—EVIDENCE.

Where, in an action to recover commissions on a sale of real property, brought by three plaintiffs acting independently, the complaint was dismissed as to two of them for want of written authority to sell, required by Pen. Code, § 640d, as amended by Laws 1901, p. 312, c. 128, it was error for the court to refuse to permit one of the dismissed plaintiffs to be asked on cross-examination whether he or the plaintiff procured the purchaser.

**3. SAME—EVIDENCE.**

In an action for brokers' commissions evidence *held* insufficient to sustain a judgment for plaintiff.

Appeal from City Court of New York, Trial Term.

Action by Morris Flower and others against Abraham Kassel and others. From a judgment of the New York City Court in favor of plaintiff Dominica Colucci, and from an order denying a motion for a new trial and awarding plaintiff an extra allowance, defendants appeal. Reversed.

Argued before SCOTT, P. J., and LEVENTRITT and GREENBAUM, JJ.

Isaac Danziger (Morris S. Hirschberg, of counsel), for appellants.
Maurice J. Katz (Alex. B. Greenberg, of counsel), for respondents.

GREENBAUM, J. This action was brought by three plaintiffs to recover the sum of $1,440, brokers' commission upon the alleged sale of six houses belonging to the three defendants as tenants in common. One of the defenses urged by the appellants is that the plaintiffs did not have the written authorization for the sale of lands required by section 640d of the Penal Code, as amended by Laws 1901, p. 312, c. 128, and that the plaintiffs, being violators of the law, had no standing. It appears that one of the plaintiffs, Dominica Colucci had, as a matter of fact, received the written authority of one of the defendants, Henry G. Krakauer, to make a sale of the premises in question. The statute was designed to defeat the fraudulent claims of persons asserting authority to sell real property. Whiteley v. Terry, 83 App. Div. 197, 82 N. Y. Supp. 89. It could scarcely be successfully argued that a criminal conviction could be upheld under section 640d of the Penal Code, where it is shown that a broker had procured the written authority to sell from one of the owners of real property. In the case at bar the learned trial justice dismissed the complaint as to the plaintiffs Flower and Goldberg upon the ground that their claims were asserted in violation of the provisions of the Penal Code, and the trial then proceeded with Colucci as the sole plaintiff. As already shown, the plaintiff Colucci did not come within the condemnation of the criminal law, and, so far as he was concerned, the Penal Code having no application, his right to a recovery would depend upon the proofs ordinarily requisite in actions of this nature. Proof sufficient was adduced from which it could be inferred that all the defendants acquiesced in the agency conferred upon this plaintiff to sell their property. Bearing in mind, however, that the action was originally brought by three parties not alleged to be copartners, and that the verdict in plaintiff's favor rests upon the assumption that the plaintiff Colucci alone was the procuring cause of the sale, it is important to determine if the judgment may be supported upon the proofs adduced, and if legal error was not committed in excluding certain testimony. One of the witnesses called for plaintiff was Flower, one of the original plaintiffs, who, it would

seem, was the chief actor in arranging the alleged terms of sale and in securing an alleged purchaser. This witness being asked upon cross-examination if he or the plaintiff Colucci procured the purchaser, the question was excluded upon plaintiff's objection, and an exception· by the defendant was duly taken by the defendants. In this we think the learned trial justice erred. It did not appear that the witness Flower was acting as the plaintiff's agent, and, on the other hand, it was evident that this witness asserted a claim as a principal. One of the issues necessarily to be determined was whether the plaintiff was the procuring cause of the sale, and the defendants were entitled to probe the plaintiff's witnesses as to the facts connected with that issue and to show what the plaintiff's relations to the alleged sale were. We are also of opinion that the contradictions in plaintiff's testimony bearing upon the terms upon which it was claimed the defendants agreed to sell would require a reversal of the judgment. At one time the plaintiff testified that the defendants told him that they would accept $9,000 or $10,000 in cash, and at another he stated that the defendants refused to accept the proposed offer of a payment of $9,000 or $10,000 in cash. Plaintiff's witness Flower testified, in apparent contradiction of Colucci, that he (Colucci) "told me that sum was required to buy these houses, but afterwards when I was there with Mr. Krakauer, Mr. Kassel [one of the defendants] told me." Plaintiff's testimony bearing upon the terms of the sale and upon what transpired when an alleged purchaser was brought ready and able to buy upon the terms authorized by the defendants is unsatisfactory, and, read in connection with that of the defendants, we are of opinion that there is lacking that preponderating·force of the evidence which would justify the judgment.

The judgment must be reversed, and a new trial ordered, with costs to appellants to abide the event.

LEVENTRITT, J., concurs. SCOTT, P. J., concurs in the result.