SALCINGER v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Term.   December 11, 1906.)

1. STREET RAILROADS—COLLISION WITH VEHICLES—NEGLIGENCE—EVIDENCE.
    In an action for personal injuries to plaintiff in a collision between a
    street car and a wagon which plaintiff was driving, his evidence showed
    that as he turned to cross the street car tracks he saw a car about a block
    away; that when the wagon was half way over the second track the car
    was still half a block away, but that it came at great speed and struck
    the rear wheel of the wagon, throwing him out and causing considerable
    injuries.   *Held*, that such evidence was sufficient to sustain a verdict
    for plaintiff.

2. NEW TRIAL—SETTING ASIDE VERDICT—INSUFFICIENCY OF EVIDENCE.
    A verdict will not be set aside, and new trial granted, where the evi-
    dence is conflicting on the material points, though the conclusion reached
    by the jury may be one which the court itself would not have reached
    upon the same testimony.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 37, New Trial, § 144.]

Appeal from City Court of New York, Trial Term.

Action by Freim Salcinger against the Interurban Street Railway
Company.   From an order of the Trial Term setting aside a verdict
for plaintiff, plaintiff appeals.   Reversed, and verdict reinstated.

Argued before GILDERSLEEVE, FITZGERALD, and DAVIS, JJ.

House, Grossman & Vorhaus (Louis J. Vorhaus and Charles Gold-
zier, of counsel), for appellant.

Bayard H. Ames, for respondent.

GILDERSLEEVE, J.   The action is for personal injuries.   The
jury found for the plaintiff in the sum of $550.   The defendant moved
to set aside said verdict, and the court granted the motion, on the
ground that the verdict was based upon insufficient evidence and was
against the weight of evidence.   From the order setting aside the said
verdict, plaintiff appeals.

The plaintiff's testimony shows that on August 24, 1903, he was driv-
ing a wagon from Ludlow street up Second avenue to Twelfth street.
He was then on the right-hand side of Second avenue, going north,
and he turned to cross said avenue in order to go west on Twelfth
street.   As he turned he saw a car on Second avenue about a block
away.   His horse and wagon then crossed the uptown track and got
onto the south-bound track.   When the wagon was about half way
across the said track, the car was still about half a block away; but
it came on at great speed, and struck the rear wheel on the right side
near its center, and threw plaintiff from the wagon and caused con-
siderable injuries.   Assuming this testimony to be true, plaintiff made
out a case.   His testimony is contradicted by defendant's witnesses;
but the verdict should not be set aside, and a new trial granted, where
the evidence is conflicting on material points, even though the conclu-
sion reached by the jury may be one which the court itself would not
have reached upon the same testimony.   Swartout v. Willingham (Cir.
Ct.) 26 N. Y. Supp. 772.   The charge of the court was very favorable
to the defendant, who took no exception thereto.   The jury, however,

believed the plaintiff's version of the facts, as they had a right to do, and gave their verdict accordingly.

The order appealed from should be reversed, with $10 costs and disbursements, and the verdict reinstated.   All concur.