(54 Misc. Rep. 317)

### KINGSLEY v. FINCH, PRUYN & CO.

(Supreme Court, Trial Term, Warren County. May, 1907.)

1. NEW TRIAL—INSUFFICIENCY OF EVIDENCE.

    A verdict will not be set aside as against the weight of evidence, unless there is something showing bias, passion, prejudice, or corruption on the part of the jury.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 37, New Trial, § 146.]

2. SAME—MISCONDUCT OF COUNSEL.

    Where misconduct of counsel is met by reproof from the court, and the court instructs the jury to disregard every remark of counsel for which he has been reproved, it is not ground for new trial, unless such misconduct was such as would influence the court.

Action by Albert M. Kingsley against Finch, Pruyn & Co., Incorporated. Verdict for plaintiff. Motion by defendant to set aside.

Kellogg & Barker, for the motion.

Kiley & Bush, opposed.

SPENCER, J.   The inutility of setting aside verdicts as against the weight of evidence has been established by long experience.   The books are full of instances where two, three, and even four trials have been had in succession without change of result.   The rule to which I think the courts must ultimately come is that no verdict in such a case should be set aside by the trial court as against the weight of evidence, unless there be something in the record that indicates that it was influenced by bias, passion, prejudice, or corruption, and therefore some prospect of a different result upon a retrial.   McCann v. New York & Queens County R. R. Co., 73 App. Div. 305, 76 N. Y. Supp. 684.   Such was the holding of this court in the case of Huntington v. Hudson Valley R. R. Co. (not officially reported), recently unanimously affirmed without opinion by the Appellate Division of this Department.   103 N. Y. Supp. 1129.   The setting aside of verdicts by trial courts simply on the ground that the same are against the weight of evidence should not be encouraged.   It only occasions delay, incurs needless expense, and burdens the trial terms.

In the case at bar the plaintiff produced no eyewitness to the accident, but Baril, one of his witnesses, saw the infant upon the ground in the driveway immediately before the team entered, and saw his dead body almost immediately thereafter on the ground in the rear of the wagon.   The trial court was of the opinion that the testimony of this witness, in conjunction with the other testimony and the surrounding circumstances, required a submission of the facts to the jury.   McDonald v. Metropolitan St. R. Co., 167 N. Y. 66, 60 N. E. 282.   Without a contrary decision of that question, it is hardly to be expected that a retrial will result in a different verdict.   On a retrial the court would be expected to follow the decision of the first trial on this question, and it therefore seems useless to have a retrial until that question has been passed upon by a higher court.

I have examined the record with some care, and find nothing which indicates that the verdict was influenced by any improper matter or circumstance.   The objections made by defendant's counsel to certain remarks made by plaintiff's counsel in his address to the jury were sustained by the trial court, and the jury on each occasion specifically charged to disregard such remarks.   Unfortunately the stenographer's minutes fail to set forth the remarks of the court.   The stenographer is not expected to take down what transpires during the address of counsel unless requested.   He was not so requested in this case, and therefore what appears upon his minutes is simply memoranda made by him subsequent to the event, and does not in this instance adequately indicate what took place.   Furthermore, it should not be assumed that a jury is influenced by every lapse in speech or impropriety of conduct on the part of counsel.   The court should not presume that a jury will be influenced by such a matter unless it would itself be influenced thereby.   In harshly judging the jury, the court may put

itself, as well as the jury, upon a plane of inferiority. Nor should it be forgotten that attempts to move juries by such means are liable to rebound upon the perpetrators. The high grade of 'intelligence now found in the jury box is seldom swayed by such matters, and, when it occurs, the trial court has little difficulty to detect its presence. Reproof by the court should be regarded as sufficient to correct the error. Instances where the court fails to reprove or apparently permits the misconduct belong to another class, and a different rule 'may well be adopted in regard to them.

Motion denied.