SCHWARTZ v. JOLINE et al.

(Supreme Court, Appellate Term. June 30, 1908.)

NEW TRIAL—SETTING ASIDE VERDICT—INSUFFICIENCY OF EVIDENCE.

    A verdict for plaintiff, where he was the only witness on his own behalf and the witnesses for defendant were also interested, should not be set aside on the ground that plaintiff failed to make out his case by a preponderance of evidence, where his testimony was credible, as the jury had the right to believe him, rather than defendant's witnesses, though the trial justice might have reached a different conclusion.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 37, New Trial, §§ 142, 143.]

    MacLean, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Eighth Dis-
trict.

Personal injury action by Koppel Schwartz against Adrian H. Jo-
line and another, as receivers, etc. From an order setting aside a ver-
dict for plaintiff, he appeals. Order reversed, and verdict reinstated.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEA-
BURY, JJ.

J. C. Levi and Weil & Newhouse (Walter S. Newhouse, of counsel),
for appellant.

James L. Quackenbush (Anthony J. Ernest, of counsel), for respond-
ents.

PER CURIAM. Plaintiff was the only witness on his own behalf,
while defendants' conductor and motorman were the only witnesses
for defendants. All the witnesses were interested ones, and the jury
were at liberty to give credence to plaintiff, rather than to the con-
ductor or motorman. The plaintiff shows that on the morning of
the accident he was standing on the corner of Third avenue and
100th street, and motioned to the defendants' conductor to stop his
car, which he did, and thereupon plaintiff boarded the car, which
was an open one. When he had both feet on the running board, and
was grasping the handles with both hands, and was about to step into
the body of the car, the conductor rang the bell and the car started
quickly, throwing him backward, and causing his head to strike against
a pillar of the elevated railroad, whereby he was injured. How long
he had remained on the running board he does not state. The con-
ductor tells a different story, tending to show freedom from negli-
gence on the part of the defendants and contributory negligence on
the part of plaintiff. The jury found for plaintiff, and on motion
of defendants the court set aside the verdict on the ground that plain-
tiff had not made out his case by a preponderance of proof. Plaintiff
appeals.

We think the court below fell into error. The testimony of plain-
tiff was credible, and, as above stated, the jury had a right to believe
the same, though the justice might have reached a different conclusion
on the same evidence. Salcinger v. Int. St. Ry. Co., 52 Misc. Rep.
179, 101 N. Y. Supp. 804. The order should be reversed, with costs,
and the verdict reinstated.

Order reversed, with costs, and verdict reinstated.

MacLEAN, J., dissents.