KAPLAN v. J. C. LYONS BUILDING & OPERATING CO.

(Supreme Court, Appellate Term. November 12, 1909.)

1. MASTER AND SERVANT (§ 330*)—INJURY TO THIRD PERSONS—ACTIONS—SUFFICIENCY OF EVIDENCE.

In an action to recover for injuries to plaintiff, who, upon a visit to defendant's building on business with his tenant, entered the open door of the elevator, supposing the operator to be within, and was injured by a sudden descent thereof to the bottom of the shaft, caused by the pulling of the cable by the operator from below, evidence *held* to sustain a verdict in plaintiff's favor.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1272; Dec. Dig. § 330.*]

2. NEW TRIAL (§ 72*)—GROUNDS—VERDICT AGAINST EVIDENCE.

A verdict should not be set aside, as against the weight of evidence, if, where proper weight has been given to all the evidence, it is not so contrary to the preponderance of proof as to appear absurd, suggest suspicion of evil influence, or manifest mistake or error.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 146–148; Dec. Dig. § 72.*]

3. NEW TRIAL (§ 71*)—GROUNDS—VERDICT AGAINST EVIDENCE.

A verdict, based upon conflicting evidence on material points, should not be set aside, though on the same evidence the trial court would have reached a different conclusion.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 144, 145; Dec. Dig. § 71.*]

Appeal from City Court of New York, Trial Term.

Action by Moses Kaplan against the J. C. Lyons Building & Operating Company for personal injuries. From an order setting aside a verdict for plaintiff, he appeals. Reversed, and verdict reinstated.

See, also, 61 Misc. Rep. 315, 113 N. Y. Supp. 516.

Argued before GILDERSLEEVE, P. J., and SEABURY and LEHMAN, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Charles S. Rosenthal, for appellant.

Frank Verner Johnson (Louis Cohn, of counsel), for respondent.

PER CURIAM. The action is to recover for personal injuries. It appears from plaintiff's evidence that on July 3, 1905, plaintiff went to defendant's building for the purpose of delivering a bundle to a tenant of defendant; that in the rear of the said building was a passenger elevator, under the operation and control of defendant; that the door of the elevator was open, but the operator was not present; that plaintiff did not at first observe the absence of the operator, as the place was not well lighted, and entered the elevator, expecting to be taken up in it to the floor where said tenant's place was located; that, immediately upon discovering the absence of the elevator operator, plaintiff started to get off the elevator, and, while one foot was on the elevator and the other foot about to touch the floor of the hallway, as plaintiff was in the act of getting off the elevator, the said elevator, without the slightest warning from anybody to plaintiff, suddenly went down to the basement below and severely injured plaintiff; and that the cause for the sudden going down of the elevator was the pulling of the cable from below by the operator. There was a sharp conflict of proof as to the facts, and the issues were clearly submitted to the jury, in a charge to which no exception was taken. The jury believed the plaintiff's story, and gave him a verdict for $1,000. The defendant made a motion "to set the verdict aside on the ground that it is contrary to the evidence, against the weight of the evidence, contrary to law, and upon all the grounds set forth in section 999 of the Code." The motion was granted, and from the order setting the said verdict aside the plaintiff appeals.

It seems to us that there was sufficient evidence upon which to base the verdict, if the jury chose to believe plaintiff rather than defendant, as they had a right to do. There does not seem to be such a preponderance of testimony in the record as to justify interference with the verdict by the court below; for it cannot be said, as a matter of law, when the proper weight has been given to all the evidence, that the verdict cannot be right, or is so contrary to the preponderant proof as to appear absurd, or to suggest suspicion of evil influence, or manifest mistake, or error. Rippe v. Met. St. Ry. Co., 35 App. Div. 321, 54 N. Y. Supp. 958. The evidence was conflicting on material points, and, even though the conclusion reached by the jury on this conflict of proof may have been one which the learned trial court, or the appellate court, would not have reached upon the same testimony, it was nevertheless error to set aside the verdict. Swartout v. Willingham, 6 Misc. Rep. 179, 26 N. Y. Supp. 772. The evidence in several particulars seems stronger in favor of the plaintiff on this trial than on the former one, and a jury has twice concluded that the plaintiff is entitled to compensation for his injuries.

The order must be reversed, with costs, and the verdict reinstated.