### METZLER v. FARBER.

(Supreme Court, Appellate Term. November 10, 1911.)

NEW TRIAL (§ 71&ast;)—INSUFFICIENCY OF EVIDENCE.

　　Where the evidence conflicts on material questions, and is sufficient to justify the jury's finding, it is an improper exercise of judicial discretion to grant a new trial on the ground that the verdict is contrary to the weight of the evidence.

　　[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 144, 145; Dec. Dig. § 71.&ast;]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by Morris Metzler against Philip Farber. From an order setting aside a verdict and judgment for plaintiff, and granting a new trial, he appeals. Reversed, and judgment reinstated.

Argued before SEABURY, GUY, and COHALAN, JJ.

Aaron Benjamin, for appellant.
Charles S. Rosenthal, for respondent.

---

&ast;For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

GUY, J. The plaintiff appeals from an order, entered herein, vacating and setting aside the verdict of a jury rendered in favor of the plaintiff, and vacating and setting aside a judgment in favor of the plaintiff entered thereon, as contrary to law and contrary to the weight of evidence.

The action was brought under a written contract for work, labor, and services alleged to have been rendered by plaintiff for defendant, and for the value of certain extra work performed by plaintiff at defendant's request. The evidence as to whether or not there was a substantial performance of the original contract and as to the value of the extra work was of a highly contradictory character. In submitting the case to the jury, the court, without objection or exception by defendant's counsel, charged the jury that if they believed defendant's version as to the quantity and value of the extra work, and as to plaintiff's failure to perform his written contract, their verdict should be in favor of plaintiff for only $70, but that if they believed from the evidence that the plaintiff had performed the work he had agreed to do, and, in addition, had performed extra work of the value claimed by plaintiff, then their verdict should be in favor of plaintiff for $199.-50, the amount of the jury's verdict.

There is nothing in the evidence or in the conduct of the jury to support the view that the verdict was the result of bias, prejudice, or passion, and, as indicated by the court in his charge to the jury, there was sufficient evidence to justify the submission of the issues of fact to the jury, upon which they found in plaintiff's favor. It is well settled that where the evidence is conflicting on material points, and where there is sufficient evidence to justify the finding of the jury, the setting aside of the jury's verdict by the court is an improper exercise of judicial discretion. See Kaplan v. Lyons Building & Operating Co., 119 N. Y. Supp. 264; Salcinger v. Interurban St. R. R. Co., 52 Misc. Rep. 179, 101 N. Y. Supp. 804; Kingsley v. Finch, 54 Misc. Rep. 317, 105 N. Y. Supp. 968.

The order should therefore be reversed, and the judgment reinstated, with costs. All concur.