SATER v. SALOMON.

(Supreme Court, Appellate Term. April 9, 1912.)

1. WORK AND LABOR (§ 28*)—EVIDENCE—SUFFICIENCY.

In an action to recover for work, labor, and services in making alterations in a building belonging to defendant, evidence held to support a finding that the plaintiff was employed by defendant.

[Ed. Note.—For other cases, see Work and Labor, Cent. Dig. § 55; Dec. Dig. § 28.*]

2. NEW TRIAL (§ 71*)—GROUNDS FOR NEW TRIAL—CONFLICTING EVIDENCE.

It is an improper exercise of discretion for the trial court to set aside a verdict and grant a new trial, where the evidence is conflicting on material points, and there is sufficient evidence to justify the findings of the jury.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 144, 145; Dec. Dig. § 71.*]

Lehman, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Nathan Sater against Walter J. Salomon. From an order setting aside the verdict, plaintiff appeals. Reversed, and judgment reinstated.

Argued March term, 1912, before GUY, LEHMAN, and BIJUR, JJ.

Joseph Rubin, for appellant.

Bond & Babson (James P. Callender, of counsel), for respondent.

GUY, J. [1] Plaintiff appeals from an order entered herein setting aside the verdict of a jury in favor of the plaintiff. The action is brought to recover the value of work, labor, and services performed by plaintiff in making alterations in a building belonging to defendant. The answer admits that the work in question was done by plaintiff, but denies employment. The plaintiff testified that he had been previously employed by defendant, under a written contract, to do work in another building, and that defendant requested him to submit a bid for the work involved in this action; that he did submit such estimate, and, after a conference with the defendant, agreed to reduce the amount of his bid, and was then told by the defendant to go ahead with the work. Defendant called two witnesses, named Neiberg, father and son, who each testified to the hiring of plaintiff by himself to do the work in question; one of the Neibergs testifying that he had entered into a contract with the defendant for the performance of this identical work, and that he was still indebted to the plaintiff for the value of the work done by plaintiff. The evidence of these two witnesses was conflicting, and in direct contradiction to that of the plaintiff, who denied employment by either of the Neibergs. On all the evidence, the jury were fully justified in finding that the plaintiff was employed by the defendant and in rendering a verdict in favor of the plaintiff.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[2] The trial justice erred in setting the verdict aside. "Where the evidence is conflicting on material points, and where there is sufficient evidence to justify the findings of the jury, the setting aside of the jury's verdict by the court is an improper exercise of judicial discretion." Metzler v. Farber, 131 N. Y. Supp. 655; Kaplan v. J. C. Lyons Building & Operating Co., 119 N. Y. Supp. 264; Kinsley v. Finch, 54 Misc. Rep. 317, 105 N. Y. Supp. 968.

There was nothing in this case to justify the inference that the jury were influenced in arriving at their verdict by passion or prejudice, but decided in favor of the plaintiff because, apparently, in their judgment, the evidence in his behalf was more worthy of credence than the evidence introduced in behalf of the defendant.

The order must therefore be reversed, and the judgment reinstated, with costs to the appellant.

BIJUR, J., concurs.

LEHMAN, J. (dissenting). It is true that there is a conflict of testimony between the plaintiff and the defendant, and that the plaintiff is corroborated by two workmen. The conversation, however, on which the plaintiff relies to establish a contract with the defendant, was, according to their own testimony, in English. At the trial the plaintiff and his witnesses all testified through an interpreter, and acknowledge that they do not speak English, though they claim to understand it more or less. The trial justice saw and heard these witnesses, and determined that their story is not worthy of credence. It seems to me that we, laboring under the disadvantage of merely reading the testimony, are not in a position where we can reasonably say that he erred.

In my opinion, the order should therefore be affirmed.