ARTHUR BERKMAN, Plaintiff, v. BENJAMIN FRIEDMAN, Defendant.

(City Court of the City of New York, Trial Term, December, 1918.)

Verdict — when motion to set aside verdict and for a new trial denied — trial — evidence — Code of Civil Procedure, § 999.

     Where the evidence is in conflict the court has no right to substitute its opinion for that of the jury upon questions of fact.

     In an action to recover a sum agreed to be paid by defendant in consideration of plaintiff's procuring a responsible person who would become a partner in defendant's business, within a year after the formation of the partnership, the plaintiff, though defendant denied that he had agreed to make such payment, reiterated that defendant did make such promise, and testified to procuring one C to meet defendant at a certain place where a partnership was formed. At the solicitation of C, a relative of his became a member of the firm, C subscribing cash for him. The partners becoming dissatisfied, C was substituted in the place of his relative, since which time the business has been a success. Witnesses for defendant testified as to the introduction of C to the defendant and the denial of defendant's promise to pay and the court submitted the case to the jury which rendered a verdict in favor of plaintiff. *Held,* that a motion to set aside the verdict on all the grounds stated in section 999 of the Code of Civil Procedure and for a new trial will be denied with exception to the defendant.

MOTION for a new trial.

John Bogart, for plaintiff.

Foley & Martin, for defendant.

FINELITE, J. This action came on for trial before the court and a jury and resulted in a verdict in favor

of the plaintiff for the sum of $1,000. On the rendition of said verdict the defendant moved to set the same aside upon all the grounds stated in section 999 of the Code of Civil Procedure, which motion was entertained by the court.

It appears from the facts herein that on the 15th day of August, 1914, the defendant employed and engaged the plaintiff to procure a responsible person who would become a partner in his business of manufacturing cloaks and suits; that thereafter during the course of said employment of this plaintiff by the defendant and about the 20th day of August, 1914, the plaintiff herein introduced the defendant to a party by the name of Philip Custen, who eventually became the defendant's partner in the manufacture of cloaks and suits; that the said defendant agreed to pay to the plaintiff for his services in the procuring of said partner the sum of $1,000 within the period of one year after the date of the commencement of said copartnership between said defendant and Custen; that the time within which to pay said money had long since expired.

The plaintiff was supported as to the agreement by other disinterested witnesses, with the exception of the plaintiff's wife, who testified as to the promise made by the defendant to the plaintiff in reference to the payment of a consideration for the services as rendered.

The evidence on the trial was somewhat conflicting. The defendant denied in reference to the question as to the payment of said $1,000, the plaintiff reiterated his contention that the defendant did make such promise and testified to procuring the parties to meet at the Prince George Hotel, where introductions took place between Custen and the defendant, and which

resulted eventually in the forming of a copartnership. It appeared further from the evidence that Custen had a relative who, at Custen's solicitation, became a member of said firm, said Custen subscribing the cash for him; that said relative and defendant and a third member of said firm becoming somewhat dissatisfied, the said Custen was then substituted in place of the said relative in said firm, which continues to do business and which business had been and is a success.

It is true the defendant did produce a number of witnesses who testified about the introducing of Custen to the defendant, and the denial of the promise about the payment of $1,000, which resulted in a question of fact, and as the facts were in conflict, the court thereupon submitted them to the jury for their determination. The plaintiff had to sustain the burden of proof, which he did sustain, and the jury deliberating concluded that the plaintiff had made out a case on the facts sufficient to decide in his favor.

I have examined the testimony, which is voluminous, and have examined the defendant's brief, wherein he quotes almost the entire testimony that was taken in the case, but I fail to find where he does not reconcile the facts wherein and whereby the court would have the right on a motion of this kind to disturb the deliberations of the jury.

The law is settled and is now elementary that the court has no right to substitute its opinion for the opinion of the jury upon questions of fact in conflict, and this is supported by *Layman* v. *Anderson & Co.,* 4 App. Div. 124; *Wagner* v. *Herrmann Lumber Co.,* 121 N. Y. Supp. 607; *Perlman* v. *Brooklyn Heights R. R. Co.,* 78 Misc. Rep. 168, wherein the court stated that under " Section 2, article 1, of the state Constitution, in providing that trial by jury ' in all

cases where it has been heretofore used shall remain inviolate forever,' meant that questions of fact shall be determined by juries and not by the court. There can be no justification where there is evidence to support a proposition, to continually set aside the verdict of juries until a jury happens to be found to agree with the trial court.'' *Ridgely* v. *Taylor & Co.,* 126 App. Div. 304, opinion by Mr. Justice Woodward. As the jury are the final arbiters of the facts, the court must, after affording them reasonable opportunities to compare their own opinions of the facts with those held by the appellate court, finally accept the judgment of the jury. *Dorwin* v. *Westbrook,* 11 App. Div. 394. The time has come where interference with the verdict in this action by a trial justice would not only be contrary to well considered precedent, but subversive of the fundamental theory of our system of procedure. *Quick* v. *American Can Co.,* opinion by Mr. Justice Sawyer, affd. on appeal to Appellate Division, 146 App. Div. 939. See also, *McDonald* v. *Metropolitan Street R. Co.,* 167 N. Y. 71; *Sater* v. *Salomon,* 134 N. Y. Supp. 417; *Bolognesi* v. *Laus,* 135 id. 1043; *Berkowitz* v. *Consolidated Gas Co.,* 134 App. Div. 389.

The defendant relies upon *Kirby* v. *Tallmadge,* 160 U. S. 379, 383; *Matter of Case,* 214 N. Y. 199, 204; *Suhrada* v. *Third Avenue R. R. Co.,* 14 App. Div. 361; *Flower* v. *Kassel,* 47 Misc. Rep. 344; *Levy* v. *Sonneborn,* 78 id. 50; *Pescia* v. *Haims,* 50 id. 550; *Heyman* v. *Singer,* 51 id. 18, 19; *O'Brien* v. *Foley,* 150 App. Div. 258, and from an examination of said cases it appears that the verdicts were set aside and judgments reversed for insufficient evidence.

In the *Kirby Case, supra,* which was an action in equity in reference to the title to real estate of husband and wife, wherein there was no recorded title in

either of them, that such joint occupation is not notice
of an unrecorded title in the other, and where the land
is used for the purpose of a home and is jointly occu-
pied by husband and wife, neither of whom have title
by record, such joint occupation is notice of the wife's
title to a purchaser from a third person holding a
record title, and wherein one Miller had admitted the
payment of $3,000 in cash in the purchasing of said
property, and it was not supported by proof, the court
held: "As they had it in their power to explain the
suspicious circumstances connected with the transac-
tion, we regard their failure to do so as a proper sub-
ject of comment. 'All evidence,' said Lord Mansfield
in *Blatch* v. *Archer* (Cowper, 63, 65), ' is to be weighed
according to the proof which it was in the power of
one side to have produced and in the power of the
other side to have contradicted.' It would certainly
have been much more satisfactory if the defendants,
who must have been acquainted with all the facts and
circumstances attending this somewhat singular trans-
action, had gone upon the stand and given their ver-
sion of the facts. *McDonough* v. *O'Neil*, 113 Mass.
92; *Commonwealth* v. *Webster*, 5 Cush. 295, 316.
It is said by Mr. Starkie in his work on Evidence,
vol. 1, p. 54: ' The conduct of the party in omitting
to produce that evidence in elucidation of the subject-
matter in dispute, which is within his power, and which
rests peculiarly within his own knowledge, frequently
affords occasion for presumptions against him, since
it raises strong suspicion that such evidence, if
adduced, would operate to his prejudice.' "

The *Matter of Case, supra,* was a proceeding to
declare John H. Case an incompetent person, and from
the examination of the evidence it was held that it
was inadequate to sustain an order appointing a com-

mittee of his estate. At page 203 the court stated the law to be: " It is true that where conflicting inferences may not unreasonably be drawn, the weight of evidence is not for consideration of this court. It is still the rule, however, even in this court, that ' insufficient evidence is, in the eye of the law, no evidence.' *Pollock* v. *Pollock,* 71 N. Y. 137, 153; *Laidlaw* v. *Sage,* 158 id. 73, 94; *Fealey* v. *Bull,* 163 id. 397, 402. In the words of Maule, J., in *Jewell* v. *Parr,* 13 C. B. 916, ' When we say that there is no evidence to go to a jury, we do not mean that there is literally none, but that there is none that ought reasonably to satisfy a jury that the fact sought to be proved is established.' *Pollock* v. *Pollock, supra; Fealey* v. *Bull, supra.* Rightly read, the case of *McDonald* v. *Metropolitan St. R. Co.,* 167 N. Y. 66, holds nothing to the contrary."

In the case at bar not alone did the plaintiff testify as to the making of the agreement, but other evidence was procured wherein the defendant admitted that services had been rendered for the defendant by the plaintiff and wherein the said defendant promised and agreed to pay for said services, which was some evidence of fact, and although denied by the defendant, was sufficient to go to the jury for their deliberation. The *Suhrada Case, supra,* held to the same effect.

*Flower* v. *Kassel, supra; Levy* v. *Sonneborn, supra; Pescia* v. *Haims, supra,* and *Heyman* v. *Singer* were cases which were brought in reference to the sale and purchase of real estate which resulted in verdicts in favor of the plaintiffs, which were reversed upon the ground of insufficiency and lack of proof and in which the appellate court was obliged to grant new trials upon the insufficiency and for the insufficient preponderance of proof by the plaintiffs, and wherein there was lacking the preponderating force of evidence

which would justify the judgment obtained in the courts below.

*O'Brien* v. *Foley, supra,* is an action wherein the plaintiff obtained a judgment against the defendants as executors after trial before a jury and wherein it was alleged that the decedent had entered into an express oral contract with the plaintiff in August, 1908, whereby the decedent agreed to leave to the plaintiff by last will and testament the sum of $10,000, provided the plaintiff would enter the household of the decedent and render services as a personal attendant and companion during the decedent's lifetime, and that the plaintiff accepted the agreement and performed the conditions by her to be performed, but that the decedent neglected and failed to make provision in her last will in favor of the plaintiff as agreed, and in a second cause of action pleaded the rendering of services by the plaintiff at the request of the decedent, and rested upon an implied contract to pay the reasonable value thereof, which was pleaded in the sum of $10,000. The jury found a verdict for the plaintiff expressly upon the first cause of action in the sum of $10,000. From the judgment upon said verdict, as well as from an order denying the motion to set aside the verdict, the defendant appealed. The court held that: " Suits of this character have been so frequent in the courts in recent years as to give rise to a considerable number of authorities, all of which declare a uniform rule, namely, that to recover upon such an alleged contract it must be established as certain and definite in character, equitable in its nature, and proved by clear and convincing evidence either shown by writings or by the testimony of disinterested witnesses. *Rosseau* v. *Rouss,* 180 N. Y. 116, and cases cited; *Taylor* v. *Higgs,* 202 id. 65; *Butcher* v. *Geissen-*

*hainer,* 125 App. Div. 272; *Holt* v. *Tuite,* 188 N. Y. 17; *Tousey* v. *Hastings,* 194 id. 79; *Miller* v. *Hill,* 137 App. Div. 378. While the circumstances in each of these cases differ materially, the rule declared in each is uniform, as before stated.'' For the failure of legal proof the appellate court granted a new trial.

From an examination of the authorities the court has pointed out why the judgments were reversed and new trials ordered, but all of said cases differ with the case at bar. The plaintiff, although not producing writings to support his story in reference to the making of a contract and the promise to pay the consideration, was corroborated in this respect, that he performed the services requested by the defendant, and that he was to receive the consideration promised and agreed upon to be paid by the defendant. The defendant does not deny that services have been rendered by the plaintiff, as it appears from the evidence that he promised to make the plaintiff a present of some kind, as shown by the evidence. Sufficient corroboration has been adduced upon the trial to sustain the plaintiff's contention in reference to the entering into the contract and the payment for his services by the defendant, which resolves itself into a conflicting question of fact by the denials of the defendant and which resulted in the jury awarding him a verdict for the amount claimed.

Can it be said that there was insufficient proof wherein the proof is conflicting to hold that the court should set aside the deliberations of a jury and assume the responsibility of deciding the conflicting question of fact itself by depriving the plaintiff of his day in court upon the facts presented in his case?

The court cannot interfere with the jury's deliberation unless it can be shown that the verdict was ren-

dered by passion, prejudice, mistake or bias.   The defendant has failed to show that the verdict of the jury was so found.

The defendant has raised a question in reference to the court's charge, because the court did not charge in exact language used by the plaintiff in reference to the payment for his services upon the making of the contract.

I fail to find authority wherein the court must charge in the exact words as uttered by a witness, as the duty of the court is solely to charge the facts in such words as will convey to the minds of the jury sufficient to enable them to decide the facts.   The court did not charge his version of the transaction, but stated that the jury were the sole judges of the facts and that if the court had stated certain facts to them in reference to the evidence it was merely stated, not for their guidance, but merely to refresh their memory as to the facts as testified to by the witnesses, and that it was the witnesses' version they should take into consideration in their deliberation, and not the court's, upon the facts.

I must therefore deny the motion for a new trial, with an exception to the defendant and with a ten days' stay of execution after notice of entry of judgment and thirty days within which to serve a case if they are so advised.

Motion denied.