THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY v. MICHAEL REARDON.

NEW TRIAL—*Insufficiency of Evidence—Duty of Trial Court.* It is the duty of the trial judge, passing on a motion for a new trial, one of the grounds of which is that the verdict of the jury is not sustained by sufficient evidence, to review the evidence in the case, and to approve or disapprove the verdict; and if, after such review of the evidence, he is clearly of the opinion that the verdict is wrong, he should express his disapproval by setting it aside and granting a new trial.

MEMORANDUM.— Error from Wyandotte district court; O. L. MILLER, judge.  Action by Michael

Reardon against the Chicago, Rock Island & Pacific Railway Company.  Judgment for plaintiff; defendant brings error.  Reversed.  The material facts appear in the opinion herein, filed July 6, 1895.

M. A. Low, W. F. Evans, and J. E. Dolman, for plaintiff in error.

Byron Sherry, and Roland Hughes, for defendant in error.

The opinion of the court was delivered by

GARVER, J. : This was an action to recover damages for a personal injury to the plaintiff, alleged to have been caused by the negligence of the defendant. The allegations of the petition showing negligence are as follows :

"That while the plaintiff was riding a mule along and upon a certain public highway near the town of Muncie, in said county, and at a point on said highway within about 25 feet of the track of said railway, and near the said moving engine and cars, the engineer in charge of said locomotive, wantonly, recklessly and negligently, and without any just cause or reason therefor, caused to be sounded a loud, shrill whistle, which so alarmed and frightened the said mule that plaintiff was riding, that it became ungovernable to such an extent, that it turned and backed upon said track with plaintiff, whereby, and by reason whereof, the plaintiff was then and there run upon and struck by said locomotive, . . ."

The injury occurred at the crossing of the public highway by the railway near Muncie station, and about one-quarter of a mile from the plaintiff's residence, where he had been living for a number of years. On the evening of the day of the accident, the plaintiff, riding a mule, was traveling on the public highway from his house west of the crossing, intending to

visit his sister a short distance east therefrom. At this point the highway runs east and west, the railroad crossing it at an angle of about 45 degrees, and running from northeast to the southwest. There was nothing to obstruct the view of approaching trains; and, as plaintiff approached the crossing from the west, he saw a freight train coming from the northeast, running at the speed of about 22 miles an hour. The mule was going upon a walk at the rate of about three miles an hour. When the plaintiff reached the crossing, the train had arrived at a distance of about 240 feet therefrom, and as plaintiff moved across the track and the train approached still nearer, he was for a time hidden from view of the engineer by the front of the engine. According to the testimony of the plaintiff himself, he had gone from 15 to 20 feet across the track, when two or three loud whistles were sounded from the engine, scaring the mule, and causing it to turn around and go back upon the crossing, where it and the plaintiff were struck by the train. The engineer and other trainmen testified that the whistles sounded were for brakes, and were given about the time plaintiff was struck by the train. Other witnesses who were near by testified to there being two or three short, sharp whistles at or near this crossing, but did not give the situation of the plaintiff at the time. There was a whistling post at no great distance on each side of the crossing, but it was not necessary or customary for trains to whistle at the crossing, unless in case of danger. The train consisted of 28 or 30 freight cars, and depended for stopping on hand-brakes, the train not being supplied with air-brakes. It was stopped a very short distance west of the crossing. There was no testimony tending to show that the whistling at or near the

crossing was done for any improper purpose, or in a reckless or wanton spirit, unless such facts may be rightly inferred from the mere fact that the whistle was sounded at an unusual place, and, evidently, because of the plaintiff's proximity to the train. The fact of the plaintiff's injury is undisputed, nor is there any claim that the sum of $2,000, the damages allowed by the jury, is excessive. The only question is as to a liability for any amount whatever.

In passing on the defendant's motion for a new trial, the court said :

" I might submit this case to a hundred juries of Wyandotte county, and their verdict would be about the same as this one. While I am clearly of the opinion that the plaintiff is not entitled to recover, and if it were submitted to me, without a jury, I would not hesitate for one moment to render judgment in favor of the defendant ; but as this case has been submitted to a jury, and they have rendered their verdict in favor of the plaintiff, I will not disturb it. Although I am firmly of the opinion that the supreme court will reverse this judgment, and render a judgment in favor of the defendant, yet I do not think it would do any good to try the case over in this court. The motion for a new trial will be overruled."

Notwithstanding the court expressed its disapproval of the results of the deliberation of the jury in this forcible language, it overruled the motion for a new trial, one of the grounds of which was that the verdict of the jury was not sustained by sufficient evidence, and entered judgment in favor of the plaintiff on the verdict. In this ruling, the court seems to have overlooked what the supreme court of this state has so frequently and clearly laid down as the duty of the trial judge when the correctness of the verdict of a jury is challenged, and the judgment of the court demanded thereon. In the discharge of their respec-

tive duties, the judge has no right to invade the special province of the jury. The functions of judge and jury are dissimilar until the verdict is rendered; but, at that point, the duties of the trial judge are enlarged, and he is called upon to consider, weigh, and pass upon all questions of fact as well as of law in the case. The decision of the jury cannot be ignored or laid aside simply because, in the exercise of his judgment upon the evidence, the judge would have arrived at a different conclusion; but, when the difference between the judge and jury is so marked that the former cannot bring his judgment to acquiesce in the conclusions of the latter as being such conclusions as reasonable men might under the circumstances naturally arrive at, it is his duty, without evasion or hesitation, to withhold any approving act from a verdict so rendered, and set it aside. In speaking of this duty, Mr. Justice BREWER, in *K. P. Rly. Co. v. Kunkel*, 17 Kas. 145, 172, said:

"We do not mean that he is to substitute his own judgment in all cases for the judgment of the jury, for it is their province to settle questions of fact; and when the evidence is nearly balanced, or is such that different minds would naturally and fairly come to different conclusions thereon, he has no right to disturb the findings of the jury, although his own judgment might incline him the other way. In other words, the finding of the jury is to be upheld by him as against any mere doubts of its correctness. But when *his judgment* tells him that it is wrong, that whether from mistake, or prejudice, or other cause, the jury have erred, and found against the fair preponderance of the evidence, then no duty is more imperative than that of setting aside the verdict, and remanding the question to another jury."

It is not sufficient that the trial judge occupy merely a neutral position, neither approving nor disapprov-

ing the verdict, when the motion for a new trial is made, and the question is presented; one course or the other must be followed by affirmative action. In *The State v. Bridges*, 29 Kas. 138, 142, HORTON, C. J., said :

"When a verdict is challenged upon the ground alleged in this case [that it was not sustained by sufficient evidence], the judge, who has the same opportunity to hear and see the witnesses as the jury, should declare his approval or disapproval of the verdict, and if he refuses to do this by overruling the motion *pro forma*, and thereby attempting to transfer the whole question to the supreme court, he trifles with the sacredness of his duty. A party is deprived of such action of a review and consideration of the evidence by the court hearing and seeing the witnesses."

The same principle is enunciated in *M. A. & B. Rly. Co. v. Keeler*, 32 Kas. 163, by the syllabus, which reads as follows :

"It is error for a trial court to overrule a motion for a new trial merely *pro forma*. Every trial court should exercise its best judgment when such a motion is presented to it, and should rule accordingly." See, also, *K. C. W. & N. W. Rld. Co. v. Ryan*, 49 Kas. 1.

Here the trial judge did not merely overrule the motion without consideration, but he went further, and, having considered and weighed the testimony, in unmistakable terms disapproved the verdict.

Counsel for defendant in error contend that the fact of overruling the motion for a new trial must be taken as an approval of the verdict by the trial judge, notwithstanding the opinion expressed by him at the time of such ruling. We do not think that is a reasonable inference to draw, for the words and acts must be construed together. Apparently, the only reason

the court had for overruling the motion was that given when he said : "I do not think it would do any good to try the case over again in this court." If the futility of another trial is attributable simply to the perversity or prejudice of the juries in that court, it is no reason for allowing an unjust verdict to stand, whether it be the verdict of the first or the hundredth jury that tries the case. After repeated trials, the trial judge should, of course, move with grave deliberation before a verdict is disturbed. Nevertheless, the duty rests upon him, no less imperatively in every trial, and in the consideration of every verdict, to see that an unwarranted or unjust verdict does not stand. Somewhat similar disapproving language of the trial judge as to the verdicts were considered by the supreme court in *A. T. & S. F. Rld. Co. v. Dwelle*, 44 Kas. 394, 409, and *K. C. W. & N. W. Rld. Co. v. Ryan*, 49 id. 1. In the last case cited, there had been two trials by jury, resulting in substantially the same verdict. The first verdict, not meeting the approval of the trial judge, was set aside on motion made for a new trial. In passing upon this motion for a new trial, after the second verdict had been returned, the trial judge said :

"The verdict in this case does not meet the approval of my judgment. . . . There must be an end to the litigation some time, and inasmuch as 24 men have substantially agreed upon a rate of compensation, though greatly in excess of what my judgment can approve, it is possibly fair and proper that I should stand out of the way to a final determination of the controversy."

The supreme court said that the verdict should have been set aside and a new trial granted ; that the trial judge "has no right 'to stand out of the way' and, against his judgment, overrule such a motion. He must approve or disapprove the verdict."

We have carefully examined the testimony, and think it fully justified a disapproval of the verdict by the trial judge.   Before the plaintiff can recover, he must prove the negligence or reckless conduct charged to the defendant in the petition.   The sounding of the whistle of a moving railroad engine is not negligence *per se,* and the mere fact of whistling does not justify the presumption of want of proper care. When the evidence fails to establish the fact of negligence of the defendant, or shows contributory negligence on the part of the plaintiff, there can be no recovery.   On both these points the testimony in this case tends to show no legal liability of the defendant.

For error in overruling the motion for a new trial the judgment is reversed, and the case remanded for a new trial.

All the Judges concurring.