THE CHEROKEE AND PITTSBURG COAL AND MINING COMPANY v. SAMUEL K. STOOP, *as Administrator of the Estate of George W. Croxton, deceased.*

No. 7807.

NEW TRIAL— *Sufficiency of Evidence.* The fact that the jury are the exclusive judges of all questions of fact submitted to them does not justify the judge of the trial court in declining to examine the sufficiency of the evidence upon which the verdict rests, when it is challenged by a motion for a new trial; and whenever it is manifest that the jury have found against the clear weight of the evidence, and that the party asking for a new trial has not in all probability had a fair trial nor received substantial justice, it is his imperative duty to set the verdict aside and grant a new trial.

*Error from Crawford District Court.*

ACTION by Samuel K. Stoop, as administrator of the estate of George W. Croxton, deceased, against The Cherokee and Pittsburg Coal and Mining Company. Judgment was rendered for defendant, and, from an order granting a new trial, it brings error. The material facts are stated in the opinion, filed February 8, 1896.

*A. A. Hurd, O. J. Wood,* and *W. Littlefield,* for plaintiff in error.

*J. F. McDonald, J. D. Hill,* and *J. D. McCleverty,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J. : This was an action brought by Samuel K. Stoop, as administrator of the estate of George

W. Croxton, deceased, against the Cherokee and Pitts-
burg Coal and Mining Company to recover damages
sustained by the widow and next of kin of George W.
Croxton, deceased, for pecuniary loss alleged to have
been sustained by them by reason of his death, and
which it is alleged was caused by the negligence of the
company. The company owned and operated a coal-
mine at Frontenac, and the deceased was an employee
working in the mine as a coal-miner, and it is alleged
that the company negligently permitted the accumula-
tion of combustible and inflammable dust in the mine,
which, being communicated with by a blast of pow-
der, caused a general explosion, and, among other
casualties, caused the death of George W. Croxton.
There is an averment in the petition that the com-
pany knew or should have known that the presence
and accumulation of dust was a dangerous element
in the mine, but, notwithstanding this, it failed to
sprinkle the mine, or take other reasonable precau-
tions against danger from this cause. The answer
was, first, a general denial, and second, that the de-
ceased came to his death by reason of his own care-
lessness. The trial resulted in a verdict in favor of
the company, and the plaintiff below asked for and
obtained a new trial, and one of the grounds for his
motion was that the verdict was not sustained by suf-
ficient evidence, and was contrary to law.

It is contended by the company that the action of
the court in setting aside the verdict and granting a
new trial was an abuse of discretion on the part of the
trial court. The testimony of the plaintiff below was
to the effect that the company negligently permitted
large quantities of coal-dust impregnated with sul-
phur to accumulate in the mine, and that such coal-
dust was combustible and explosive, and, coming in

contact with a blown-out shot, caused a general explosion, which destroyed the life of Croxton. On the other hand, the testimony offered in behalf of the company was that the coal-dust was not explosive, and that the explosion in question was occasioned by the careless act of the employees in igniting the powder used by the miners in mining coal.

In view of the fact that the testimony was so conflicting and contradictory there is little left for our determination.

"The granting of a new trial is so much in the discretion of the trial court that the supreme court will not reverse the order of the trial court granting a new trial unless error is clearly established with respect to some pure, simple and unmixed question of law." ( *Sanders v. Wakefield*, 41 Kan. 11 ; *City of Sedan v. Church*, 29 id. 190.)

It is conceded that there is a conflict in the testimony, but it is urged that this conflict was settled by the jury, who are the exclusive judges of the facts, and that it was clearly an abuse of discretion in the trial court to set aside the verdict. A trial court will be reluctant to set aside a verdict where a doubtful question of fact exists, simply because its judgment inclines the other way ; but the mere fact that there is a conflict in the testimony does not relieve the court from examining the sufficiency of the evidence, nor make the verdict of the jury conclusive.

"While the case is before the jury for their consideration, the jury are the exclusive judges of all questions of fact; but when the matter comes before the court upon a motion for a new trial, it then becomes the duty of the trial judge to determine whether the verdict is erroneous." ( *K. C. W. & N. W. Rld. Co. v. Ryan*, 49 Kan. 1.)

In the same case, it was said that

"It has been the unvarying decision of this court to permit no verdict to stand unless both the jury and the court trying the cause could, within the rules prescribed, approve the same."

Whenever a trial court determines that the verdict is clearly against the weight or preponderance of the evidence it should not hesitate to set it aside and grant a new trial, and, in arriving at this determination, the judge of the trial court must be controlled by his own judgment, and not by that of the jury. ( *Williams v. Townsend,* 15 Kan. 563 ; *U. P. Rly. Co. v. Diehl,* 33 id. 422.) In *K. P. Rly. Co. v. Kunkel,* 17 Kan. 172, it was held that the judge had the same opportunities as the jury for forming a just estimate of the credence to be placed on the various witnesses ; and, if it appears that the jury have found against the weight of the evidence, it is the imperative duty of the judge to set the verdict aside. If the evidence is nearly balanced, so that different minds might fairly come to different conclusions, the finding of the jury should stand, as against any mere doubts of the judge concerning its correctness ; but when his judgment tells him that the jury from some cause have found against the fair preponderance of the evidence, no duty is more imperative than that of setting aside the verdict and remanding the case to another jury. And so, in *City of Sedan v. Church,* supra, it was said that

"New trials ought to be granted whenever, in the opinion of the trial court, the party asking for the new trial has not in all probability had a reasonably fair trial, and has not in all probability obtained or received substantial justice."

The trial judge, under whose eye and within whose hearing the evidence was presented, did not approve

the verdict. Manifestly he determined that the jury had mistaken or failed properly to weigh the testimony in the case. Having in mind the superior opportunities which the trial judge has for comprehending the force of the evidence, and the discretion with which he is vested in the granting or refusal of a new trial, we cannot say that there has been an abuse of discretion in setting the verdict aside. Judgment affirmed.

All the Justices concurring.