### BENJAMIN v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Term. January 7, 1904.)

1 NEW TRIAL—WHEN GRANTED—VERDICT AGAINST EVIDENCE.
    A new trial can only be granted where the weight of evidence against the verdict is so great that the court can see that it must have been the result of passion, prejudice, mistake, ignorance, or corruption.

2. SAME—CONFLICTING EVIDENCE—DISCRETION OF COURT.
    Where the evidence, though conflicting on material points, supports the verdict, the court has no discretion, but must refuse a new trial, even though the conclusion of the jury is one which the court itself would not have reached on the same testimony.

3. SAME—STREET RAILWAYS—INJURIES TO PERSONS DRIVING ON TRACK—CONTRIBUTORY NEGLIGENCE—EVIDENCE—SUFFICIENCY OF.
    In an action against a street railway for personal injuries resulting to plaintiff from being struck by a car while driving on defendant's tracks, evidence *held* sufficient to warrant jury in concluding that plaintiff was free from contributory negligence.

Appeal from City Court of New York, Special Term.

Action by Morris Benjamin against the Metropolitan Street Railway Company. From an order setting aside a verdict in favor of plaintiff, he appeals. Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and GREENBAUM, JJ.

Emanuel Hertz (Edward Hymes, of counsel), for appellant.
Bayard H. Amos and F. Angelo Gaynor, for respondent.

GILDERSLEEVE, J. The action was brought to recover damages for personal injuries received by plaintiff through the alleged negligence of the defendant's servants.

Plaintiff was driving westerly along Grand street, towards Center street, at about 11 o'clock in the morning of the 26th of November, 1900. He turned westerly into Grand street from the Bowery, and drove along the west-bound horse car track, which was the most northerly track, on Grand street. There were three tracks on Grand street, an east-bound electric car track in the center, and a horse car track on either side. When the plaintiff was near Mulberry street, the driver of a west-bound horse car, which was following plaintiff's

¶ 2. See New Trial, vol. 37, Cent. Dig. §§ 137, 144.

wagon, signaled to him to turn off the west-bound track in order to let the horse car pass. In response to this signal, plaintiff turned on the east-bound electric car track to allow the horse car to pass. After this car had passed him he turned back again onto the west-bound horse car track, but, before he had succeeded in doing so, an east-bound electric car came along and struck the left rear wheel of plaintiff's wagon, which resulted in the injuries to plaintiff upon which his cause of action is based. The defendant's motorman swears that his car was at a standstill, and that plaintiff drove right against the car. The justice submitted the issues to the jury, who, as we have seen, found a verdict for plaintiff, and fixed the damages at $600. The justice, upon motion of defendant's counsel, set aside the verdict, and ordered a new trial, on the ground, as he states in his opinion, that "the verdict is contrary to the weight of evidence upon the allegation that the car was run at an unlawful rate of speed; that the jury has evidently misapplied or misunderstood the charge of the court concerning obligations of the plaintiff in sustaining his case; and the verdict must have been arrived at through speculation, conjecture, or prejudice from personal everyday experience upon the street cars of the city, rather than through evidence in the case." The learned justice continues as follows:

"It cannot be said that plaintiff, as a matter of law, did not contribute to his alleged injuries, because at the time the car was approaching him at Center street, upon the track upon which he was driving, he observed it, as he says, but subsequently he did not pay any particular attention to it nor to its whereabouts, notwithstanding he entered a place known to him to be dangerous. It was as much his duty to see and avoid the car as it was the duty of the motorman to see and avoid him, the position being in the middle of the block. * * * Without passing upon the question of the amount of the verdict as being excessive, there is sufficient ground shown for granting the motion."

It will be remembered that the car and plaintiff's wagon were going in opposite directions, and so approaching each other. Plaintiff swears that he was obliged to turn onto the electric car track, when he turned off of the west-bound horse car track to let the horse car go by him, for the reason that there was not sufficient space on the other side, between the west-bound horse car track and the sidewalk, for his wagon to pass. He says:

"My wagon was between four and five feet wide, and the space between the track and sidewalk was three or four feet, so that I could not turn in upon the right-hand side. Then I pulled out in the second [electric] car track [to let the horse car pass him], and after this [horse] car had passed I started to pull into where I was before [onto the west-bound horse car track], and there was a car [electric car coming east] of the defendant company in sight. I saw the car as it was turning around the corner of Center street upon Grand street. That car was going very fast. When I saw the car approach me at that rate of speed, I was already more than halfway over to my side [onto the west-bound horse car track], and the car came along and struck my rear wheel, and turned over the whole wagon. The car struck the rear left wheel first."

On cross-examination he swears:

"I was near the corner of Mulberry street when I started to turn out onto that other track. I was near Mulberry street when I attempted to turn into that track [apparently meaning the electric car track], and I was near

the corner—within ten to fifteen feet from the corner—when I first turned
into the track. I drove upon that track before I was hit until the car had
passed me [meaning the horse car], but I don't know how many feet I drove
upon that track. I did not measure it. As soon as the [horse] car had passed
me, I started to turn back upon the [horse car] track. Q. Can you tell me
how far you had passed upon that track [electric car track apparently]?
A. Until the horse car had passed. * * * I swear that he [the motorman]
did not slacken his speed."

He also swears that he saw the electric car from the time it turned
into Grand street until it hit him. The car was apparently about two
blocks away when he first saw it, as he turned onto the electric car
track. The rule of law is that a new trial can be granted only where
the weight of evidence against the verdict is so great that the court
can see that it must have been the result of passion, prejudice, mistake,
ignorance, or corruption. 2 Rumsey's Practice, p. 415. If there was
sufficient evidence to support the verdict, and the jury might properly
have rendered the verdict which they did, then the court had no dis-
cretion to set aside the verdict and grant a new trial, because, as
stated in the case of Swartout v. Willingham, 6 Misc. Rep. 179, 26
N. Y. Supp. 769:

"When the jury have passed upon the case, and rendered a verdict which
is supported by the evidence, they have done that which the law authorizes
them to do. A new trial could not be granted where the evidence is conflict-
ing on material points; and, where that is the case, the court has no discre-
tion, but is bound to deny the motion for a new trial, even though the conclu-
sion reached by the jury may be one which the court itself would not have
reached upon the same testimony."

It seems to us that the above testimony of the plaintiff would warrant
the jury in concluding that the plaintiff had been free from con-
tributory negligence. He was compelled to drive upon the electric
car track, and only remained on it long enough to let the horse car pass,
when he again turned back onto the west-bound horse car track; and
he had got entirely off of the electric car track, with the exception of
the rear wheels of his wagon, when the defendant's car, having turned
from Center street into Grand street, came along "very fast," for more
than one block at least, according to the witness Shoeman, and, without
slackening its speed, struck the rear wheel and caused injury to plain-
tiff. As we have seen, the verdict was not set aside on the ground of
excessive damages, but only upon the ground of a failure to show
freedom from contributory negligence. It is true that the learned
justice thought the weight of evidence did not sustain the claim that
the car was going at an unlawful rate of speed, but the jury had the
right to believe the plaintiff's statement that the car was going "very
fast," and did not slacken its speed, although the motorman must have
seen plaintiff on his track while the car was traversing at least one
block or more.

Upon the whole case, we are of opinion that the order must be re-
versed, with $10 costs and disbursements. All concur.