## CHICAGO, R. I. & P. R. CO. v. WARREN.

No. 4287—Opinion Filed Feb. 15, 1916.

Rehearing Denied March 13, 1917.

Dissenting Opinion, March 27, 1917.

(163 Pac. 705.)

(Syllabus by the Court.)

1. **Master and Servant—Master's Duty— Appliances and Place for Work.**

The master is bound to exercise reasonable care and diligence to provide his servant with a reasonably safe place in which to work and with reasonably safe machinery, tools, and appliances with which to work.

2. **Same—Master's Liability—Assumption of Risk.**

In this state the doctrine of assumption of risk as it existed at the common law affecting railroads has been modified by section 254. Williams' Annotated Constitution. Where the question involved is whether the servant received the injuries complained of as a result of a risk assumed by him expressly or impliedly, and which injuries resulted from some omission of duty upon the part of the master to the servant, not in violation of some statute, the question is one of fact for the jury.

3. **New Trial—Motion—Duty of Trial Court.**

It is the duty of the trial court upon a motion for new trial which challenges the verdict upon the ground that it is contrary to the evidence to weigh the evidence and to approve or disapprove the verdict, and, if the verdict is such that in the opinion of the trial court it should not be permitted to stand and in his opinion should have been for the other party, to grant a new trial.

Thacker, J., dissenting.

Error from District Court, Pottawatomie County; Chas. B. Wilson, Jr., Judge.

Action by H. B. Warren against the Chicago, Rock Island & Pacific Railway Company. Judgment for plaintiff, and defendant brings error. Reversed, and remanded for new trial.

C. O. Blake. R. J. Roberts, W. H. Moore, J. G. Gamble, K. W. Shartel. and Edward Howell, for plaintiff in error.

W. N. Maben. for defendant in error.

HARDY, J. The defendant in error. H. B. Warren, commenced this action in the district court of Pottawatomie county, seeking damages from the plaintiff in error, Chicago, Rock Island & Pacific Railway Company, for injuries to his left eye, resulting in the loss of the sight thereof, which occurred on May 1, 1911, while employed by the defendant as engine watchman at the roundhouse of the defendant at Haileyville, and at the trial of the case recovered judgment in his favor.

The only errors assigned are the giving of certain instructions and abuse of discretion upon the part of the trial court in overruling the motion for a new trial.

Instruction No. 3, the giving of which is urged as error, is as follows.

"It is the duty of the master to furnish the servant with a reasonably safe place in which to work and with reasonably safe appliances with which to work, and the servant has the right to rely on the master having performed his duty in that respect."

This instruction is subject to criticism in that it informed the jury that it was the duty of the master to furnish the servant a reasonably safe place in which to work instead of stating that the master was required to use ordinary care in furnishing the servant with a reasonably safe place to work; but the two ways of expressing the master's duty in this regard are used interchangeably in the text-books and authorities throughout the country and in this state, and an instruction couched in this language is not reversible error in view of the following decisions by this court: Chickasaw Compress Co. v. Bow, 47 Okla. 576, 149 Pac. 1100; Frisco Lumber. Co. v. Thomas, 42 Okla. 670, 142 Pac. 310; Frederick Cotton Oil Co. v. Traver, 36 Okla. 717, 129 Pac. 747; Great Western Coal & Coke Co. v. Malone, 39 Okla. 693, 136 Pac. 403; Great Western Coal & Coke Co. v. Serbantas, 50 Okla. 118, 150 Pac. 1042.

In instruction No. 9 the court told the jury:

"The railway company is not an insurer of the employe against accidents, and its duty is completed if it exercised a high degree of care in furnishing appliances which are reasonably safe."

Taken alone, the language quoted is not an accurate statement to the jury of the duty owing by the master to the servant. The correct rule in this respect is that the master is required to use ordinary care and diligence to provide the servant with appliances that are reasonably safe and is not required to use a high degree of care. This rule has been announced so often and become so firmly established in this state that citation of authorities in support thereof is unnecessary. The vice of this instruction was minimized by the court stating in the same connection and in other paragraphs of the instruction what the master's duty was, as we have above stated, and the phrase criticized should be read in connection with the context and with the instructions as a whole, and by so treating them we find that the court gave the jury a correct statement of the law, and for the error in giving the instruction criticized the case should not be reversed, unless from an examination of the entire record it appears that a litigant has been deprived of some substantial right, or that the trial has not resulted in justice. First National Bank v. Ingle, 37 Okla. 284, 132 Pac. 895; Great Western Coal & Coke Co. v. Serbantas, supra.

Error is also assigned upon the refusal of the court to direct a verdict for the defendant upon the ground that the risk of the employment was assumed as a matter of contract, and that plaintiff was precluded from complaining of the injury which he claims to have received. There was no error in refusing to direct a verdict. In this state the doctrine of the assumption of risk as it existed at common law affecting railroads, street railways, etc., has been modified. Williams' Annotated Const., sec. 254. Where the question involved is whether the employe received the injuries complained of as a result of a risk that he assumed expressly or impliedly, and which injuries resulted from some omission of duty upon the part of the master to the employe not in violation of some statute, the question is one of fact and should be referred to the jury for its determination. C., R. I. & P. R. Co. v. Duran, 38 Okla. 719, 134 Pac. 876; St. L. & S. F. R. Co. v. Long, 41 Okla. 177, 137 Pac. 1156, Ann. Cas. 1915C, 432.

It is further urged that the trial court committed an abuse of discretion in failing to grant defendant's motion for a new trial, and in support of this assignment it is made to appear that in passing upon the motion for new trial the court declined to weigh the evidence and either to approve or disapprove the verdict upon the theory that the extent of his authority in passing upon said motion was to determine whether the jury had manifestly overlooked some fact that was proven,

and which had they not overlooked the verdict would reasonably have been the other way; the court at the same time announcing that, had the matter been submitted to him, he would have reached an opposite conclusion, and that the jury had arrived at a different view of the facts from that which he had arrived at.

The pivotal point in the case was whether the water gauge of the engine in question upon which plaintiff was employed as a watchman had a water glass shield on it when brought from the roundhouse and delivered to plaintiff on the night he claims to have been injured. Plaintiff testified that there was none on the engine when he got on it to examine the water gauge at the time the accident occurred which resulted in his injuries. The evidence for the defendant tends to show that it had such a shield when it came into the roundhouse Saturday night, and the hostler testified that he saw one at 6:30 p. m. the Sunday just before the plaintiff went on it. The roundhouse foreman testified that he was on the engine a few moments after the accident, and found a shield in the stand for the oil cans but a few inches from the place where the glass was. The same shield, which was the usual type, was seen early the next morning by the hostler who had seen one on the engine at 6:30 p. m. Sunday. The hostlers who loaded the coal and water in the engine testified that they took no shield off the engine during the night prior to the accident.

It was the duty of the trial court, when the correctness of the verdict was challenged on the ground that the evidence was insufficient to support it, to carefully weigh the evidence and determine whether the verdict, in his judgment, was right and substantial justice had been done between the parties. This the court declined to do upon the erroneous view of the law that it was not his duty and that he was without authority so to do.

In Yarnell v. Kilgore, 15 Okla. 591, 82 Pac. 990, in discussing the duty of the trial court when called upon to pass up a motion for new trial, Justice Burwell, speaking for the court, said:

"The approval of a verdict does not mean that formal approval which is inferred from the act of rendering judgment on it; but it means the assent and approval of the mind, after due consideration; and when the mind of the court refuses to concur in the correctness of the verdict, and its honest convictions lead it to believe that it ought to have been for the other party, then the verdict is not supported by the evidence so as to merit its approval, for in passing on a motion for a new trial it is the court and not the jury that must weigh and determine the effects of the evidence."

And this court in Hogan et al. v. Bailey, 27 Okla. 15, 110 Pac. 890, said:

"The trial court has a higher function under our jurisprudence than to act merely as a moderator or umpire between contending adversaries before a jury. Not only is it charged with the duty of seeing that the course and conduct of the trial gives to each of the litigants a fair opportunity to present his cause and to have the facts weighed in the light of proper instructions declaring the law relative thereto, but it is the imperative, abiding duty of the court, after the jury has returned its verdict and awarded to one or the other success in the controversy, where the justness of the same is challenged as in this case, to carefully weigh the entire matter, and unless it is satisfied that the verdict is responsive to the demands of justice, to set the verdict aside and grant a new trial. Not only must the jury be satisfied of the righteousness of the conclusion to which it arrives, but, unless that conclusion meets the affirmative, considerate approval of the mind and conscience of the court, it should not, where challenged, be permitted to stand. Yarnell v. Kilgore, 15 Okla. 591, 82 Pac. 990; Trower v. Roberts, 17 Okla. 641, 89 Pac. 1113; Ten Cate v. Sharp, 8 Okla. 300, 57 Pac. 645; City of Sedan v. Church, 29 Kan. 190; Citizens' State Bank of Lawton v. Chattanooga State Bank, 23 Okla. 767, 101 Pac. 1118, and cases therein cited."

In Rison v. Harris, 50 Okla. 764, 151 Pac. 584, it was said:

"It is plain from the language used by the trial judge in the case at bar that he has not followed the rule laid down in the above cases. It is equally clear that he was not satisfied with the verdict, because he says, in effect, that it was his opinion that, where the issue of fact was submitted to the jury, and they passed on it, it was his duty to permit the verdict to stand, although he was not satisfied with its justness. The cases above cited clearly indicate that he took a wrong view of his duty in the premises."

Other decisions by this court following the rule announced in the foregoing opinions are: White v. Dougal, 60 Okla. 200, 159 Pac. 907; Horton v. Prague Nat'l Bank, 60 Okla. 240, 159 Pac. 930.

Our procedure act is exactly the same as that of Kansas (Yarnell v. Kilgore, supra), and the Supreme Court of that state has in a number of cases passed upon the point here considered, and its decisions support the position here taken. Williams v. Townsend, 15 Kan. 563; Kansas Pac. R. Co. v. Kunkel, 17 Kan. 145; State v. Bridges, 29 Kan. 138; M., A. & B. R. Co. v. Keeler, 32 Kan. 163, 4 Pac. 143; A., T. & S. F. R. Co. v. Dwelle, 44 Kan. 394, 24 Pac. 500; K. C., W. & N. W. R. Co. v. Ryan, 49 Kan. 1, 30 Pac. 108; C., R. I. & P. v. Reardon, 1 Kan. App. 114, 40 Pac. 931; Cherokee & P. Coal & Min. Co. v.

Stoop, 56 Kan. 426, 43 Pac. 766; Ireton v. Ireton, 62 Kan. 358, 63 Pac. 429.

The reason for this rule is that in the Supreme Court, when the jury have found a verdict which is reasonably supported by the evidence, and that verdict has been approved by the trial court, this court will not weigh the conflicting evidence to determine whether the verdict is right because that duty in the first instance is imposed upon the trial court. We do not see the witnesses testify, and cannot observe their demeanor or manner of giving their testimony, and are not in position to judge of their credibility, as is the jury and the trial court, and applications for a new trial, when addressed to the trial court, should be favored, and where the trial court does not approve of the verdict, within the rule announced in the above decisions, the motion should be granted. In this case the court did not exercise that discretion which it was its duty to do, but declined to weigh the evidence and approve the verdict, although it appears that the verdict as found by the jury did not meet with his approval.

This duty of the court does not prevent his yielding his impression or opinion and adopting those of the jury, if upon consideration of the evidence the court is of the opinion that the verdict is right, and by reason thereof yields his own opinion to that of the jury, and, so yielding, approves the verdict.

In Railway Co. v. Kunkel, 17 Kan. 172, it is said:

"We do not mean that he is to substitute his own judgment in all cases for the judgment of the jury, for it is their province to settle questions of fact; and when the evidence is nearly balanced, or is such that different minds would naturally and fairly come to different conclusions thereon, he has no right to disturb the findings of the jury, although his own judgment may incline him the other way. In other words, the finding of the jury is to be upheld by him as against any mere doubts of its correctness. But when his judgment tells him that it is wrong, that whether through mistake, or prejudice, or other cause, the jury have erred, and found against the fair preponderance of the evidence, then no duty is more imperative than that of setting aside the verdict and remanding the question to another jury."

In Serles v. Serles, 35 Or. 289, 57 Pac. 634, in discussing a similar question, it was said:

"It must be understood, of course, that a mere dissatisfaction of the judge with the verdict is not sufficient ground for disturbing it, but the court must exercise its judgment in each particular case, and if, from all the testimony given the jury, it is satisfied that the verdict is against the clear weight or preponderance of evidence, or that the jury has acted unreasonably in returning the verdict, or has been misled or misdirected, or has acted through improper motives, it is the duty of the court to set it aside and grant a new trial."

In the case at bar the plaintiff in error was entitled to have its motion for a new trial passed upon in accordance with correct principles of law, and was entitled to have the court weigh the evidence and determine independently for itself whether the verdict met with its approval, and the trial court having failed to weigh the evidence, as was its duty to do, and either approve or disapprove the verdict, in accordance with the rules herein announced, upon the mistaken theory that it was without authority so to do, the plaintiff in error was deprived of a substantial right to which it was entitled under the law, and because of the failure to do so, and owing to the objectionable form of the two instructions considered and the fact that there was a sharp conflict in the evidence, and that the verdict of the jury apparently did not meet with the approval of the trial court, the case is reversed, and remanded for a new trial.

KANE, C. J., and SHARP and TURNER, JJ., concur.

THACKER, J. (dissenting). Although the opinion of the court is supported by precedent in this jurisdiction and to some extent in some of the Kansas cases cited therein, I cannot concur in the same to the effect that, whatever verdict may be rendered by the jury to whom an issue of fact is submitted upon conflicting evidence, it is the duty of the trial judge, upon motion for a new trial upon the ground that it is not sustained by sufficient evidence, to set it aside and grant a new trial if it does not accord with his own views.

In both literal and logical effect, the opinion of this court is based upon the false idea that, when there is such motion for a new trial, the verdict of the jury cannot stand, notwithstanding the evidence tending to support it is sufficient when considered apart from the evidence adduced by the losing party to the controversy, unless such verdict accords with the finding and opinion of the trial judge; and, according to the logic of the opinion of this court, no number of verdicts can be allowed effect until one is found which accords with the views of the trial judge.

In this case the trial judge may have misconceived his duty in respect to the rule that should have guided him in passing upon the motion for a new trial, although there seems to be room for a difference of opinion as to this; but for the purposes of this dissent I shall assume that the following statements

7—63

made by him at the time he overruled the motion shows that he did misconceive his duty in respect to that rule and did not weigh the evidence supporting the verdict against the conflicting evidence and determine from its thus ascertained weight whether it was sufficient as required by that rule in passing upon the motion. Here are his statements made at that time:

"The Court: As I said once before when I was here the first of the month, if I granted new trials wherever I disagreed with the jury in personal damage suits, it wouldn't be long before the docket would be congested. I don't think it is the rule of law that the court can vacate the finding and verdict of the jury where they have considered the facts from the evidence. It can be vacated where they manifestly overlooked some fact that was proven, and which, had they not overlooked it, the verdict would reasonably have been the other way. But there is no fact in this case which could reasonably have been found by the jury to sustain their verdict which I can believe was not taken into consideration in arriving at their verdict. Twelve men have come to a different conclusion upon the facts submitted than I would.

"Mr. Roberts: The court then will confess he does not agree with the jury upon the final outcome of the case?

"The Court: I am not going to make any such finding as that.

"Mr. Roberts: The court will confess he does not agree with the jury, but you will not grant a new trial?

"The Court: I am not going to make any such finding as that.

"Mr. Roberts: I understand the duty of the trial court is to grant a new trial when his conscience and his mind does not approve of the verdict of the jury.

"The Court: I can say this much, as I have said before, that if it had all been up to me as the judge I would not have arrived at the same conclusion, but I don't feel that it is the province of the court even in that case for me to simply say—no judge of the court, simply because he cannot agree with the jury, should grant a new trial.

"Mr. Maben: Your conscience wouldn't say that wasn't a fair trial?

"The Court: I can (can't) say that I may be more likely wrong than the jury or more likely right than the jury. It is the same as if you and I take different views upon similar questions of fact, and, while I may think I am right, I can consider that it is possible that you are right. If I believed that the jury in this case had overloked, either purposely or by oversight, some material fact that had been unquestionably proven and established, then I would say it was a wrong verdict, as judge of the court. They have taken every material item of evidence into

consideration as far as I know and believe, and simply have arrived at a different conclusion. I don't believe it is meant in the Hogan case that the facts in the case should be tried by thirteen men, and, if the jury found a different state of facts than the judge, the judge should set the verdict aside. But if the judge could see that the jury had purposely or willfully disregarded a proven fact or has overlooked or failed to take into consideration that fact, and if he could see that if they had taken such fact into consideration their verdict would necessarily have been different, then it would be his duty to grant a new trial. Here in this case all I can say is that the jury has considered all the facts, as I think I have considered them, and they have simply arrived at a different view from that which I have arrived at.

"Mr. Roberts: In other words, the jury has found the defendant liable, and the court has not.

"The Court: I have taken a different view from that which they have taken. As far as I know, taking into consideration all the material items that were allowed to go to them, they simply arrived at a different view and arrived at a different conclusion—they maintained a different view and arrived at a different conclusion. In other words, they have attached less importance to some evidence than I have, and more importance to other evidence than I have; but I don't believe that in every case where the judge disagrees with the jury he should grant a new trial. As a matter of fact, every trial of fact in that case would be a trial before thirteen men all of which should agree.

"Mr. Roberts: Don't you think, Judge, that means what it says, if the court believes—

"The Court: In his conscience; yes, sir.

"Mr. Roberts: In his conscience and in his judgment, if the jury does not find what he thinks is a proper verdict he should set it aside.

"The Court: I don't believe that that means that the judge should be the final arbiter of the law and the facts.

"Mr. Maben: Your honor instructed the jury that they are the exclusive judges of the weight of the evidence.

"The Court: I consider when they have all the facts before them, and there is reason to believe they haven't considered all the facts before them, it would be the duty of the court to set aside the verdict; then the court could conscientiously say they had arrived at an erroneous verdict because they failed to take into consideration all the facts in the case, but if they did take into consideration all the facts as they appear and arrived at a different verdict than I as judge of the court would arrive at, then I haven't the right to vacate it.

"Mr. Roberts: Doesn't the court believe he has the right to pass on all the facts that arise in the trial?

"The Court: No, sir; he only considers the case for two purposes. First, Has there been evidence introduced in the case sufficient, if true, to establish all the material elements of the case or of the defense of the case? Second, has the jury manifestly overlooked some material fact?"

It must be obvious from the foregoing that, unless the mere fact that the verdict did not accord with the views of the trial judge made it his duty to grant a new trial, this court should not grant the same, as the foregoing statement discloses no stronger nor other reason for doing so.

The assumed fact that the trial judge did not weigh the evidence in support of the verdict against the evidence to the contrary and then apply the correct rule to its weight in passing on the motion for a new trial is a reason in favor of remanding the case with directions to him to do so now, but is not an argument in favor of a new trial, as there is nothing to show that a new trial would or should be granted upon the full discharge of this duty by him if, as I believe it should be, the trial to a jury is more than an empty form and not a worse than useless function.

There is nothing in the above-quoted statement to justify a finding by this court that, if the trial judge had correctly conceived and performed his duty in passing upon the motion for a new trial, he should or would have granted the same unless the right of trial by jury (section 19, art. 2, Const. [Williams', sec. 27]) is an empty privilege and the trial itself a useless waste of time and a senseless expenditure of additional costs.

If, as against such a motion for a new trial, the trial judge cannot allow a verdict to stand until one is returned that accords with his own views as to the truth of the issues submitted, the only possible useful purpose subserved by a trial of an issue of fact to a jury must be found in the possible effect of one or more verdicts in aiding him to correct any error there may be in his own opinion, which opinion alone, as this court says, in effect, mus tultimately determine the issue and settle the controversy between the litigants, and such doubtful usefulness is more than counterbalanced by other considerations.

It appears to me that the opinion of the court is fundamentally wrong and contrary to the overwhelming weight of authority, both in this country and in England, in that, instead of applying the rule that it is the duty of the trial judge to approve the verdict and allow it to stand unless it is clearly and palpably wrong and one which reasonable jurors could not have found in the proper discharge of their duty, thus indicating mistake, prejudice, or corruption in the dis-

charge of their duty, it applies the erroneous rule that he should not approve it and allow it to stand unless it accords with his own opinion as to the weight of the evidence in proof of the issue submitted.

It will be borne in mind, of course, in searching for the true rule in passing on such a motion for a new trial, that it involves the question as to what is the "right of trial by jury" which our Constitution provides shall "be and remain inviolate," and that we have no statute so much as attempting to prescribe when the evidence supporting a verdict shall be deemed sufficient to justify a judgment thereon, although challenged by a motion for a new trial, so we must look to the decided cases for the common law prevailing at the time of the adoption of the Constitution for light in this regard.

In an editorial note to Clark v. Great Northern R. Co., 37 Wash. 537, 79 Pac. 1108, 2 Ann. Cas. 760, the rule is stated thus in respect to the duty of the trial court.

"And when, in its judgment, verdicts or findings of fact are palpably against the weight of evidence, it is not only authorized, but it is its duty, to set them aside."

In an editorial note to McMahan v. Rhode Island Co., 32 R. I. 237, 78 Atl. 1012, Ann. Cas. 1912D, 1223, the rule in trial courts is stated thus:

" * * * And when in its judgment the verdict is plainly contrary to the evidence it is the duty of the trial court to set the verdict aside."

In Pringle v. Guild (C. C.) 119 Fed. 962, McMorry v. Ryan, 1 Alaska, 516, Johnson v. Leggett, 28 Kan. 590, Atchison, T. & S. F. R. Co. v. Matthews, 58 Kan. 447, 49 Pac. 602, Benjamin v. Metropolitan St. R. Co., 85 N. Y. Supp. 1052, as well as in a great many other cases, it is held that, when there is a conflict of testimony, the court ought not to set the verdict of the jury aside and grant a new trial, even though the trial judge would have reached a different verdict on the same evidence. Also see, to the same effect, the following later cases: Franey v. Seattle Taxicab Co., 80 Wash. 396, 141 Pac. 890; Stewart v. Boston & M. R. R. (D. C.) 229 Fed. 862; Salcinger v. Interurban So. R. Co., 52 Misc. Rep. 179, 101 N. Y. Supp. 804; Reams v. McAlpine, 2 Alaska, 165.

In Johnson v. Leggett, supra, where a new trial was denied and the judgment affirmed, the Kansas court held it to be the duty of the trial judge to grant a new trial when the jury have manifestly mistaken the evidence and the verdict is manifestly erroneous, and further:

"The jury are the triers of fact, and it is not the duty of the trial court to substitute its judgment for that of the jury, but simply to interfere to prevent manifest error."

In Atchison, T. & S. F. R. Co. v. Matthews, supra, where the trial judge, in refusing a new trial, as in the instant case, stated that if he had been on the jury he would not have found that verdict, it is held by the Kansas Court, in affirming the judgment below, to be the duty of the trial judge to grant a new trial when the verdict is clearly against the weight of the evidence; and further:

"In doubtful cases, where the jury have acted fairly and conscientiously on conflicting evidence, the trial court may properly defer to the judgment of the jury and approve a verdict, even though acting on its own judgment alone it would have reached the opposite result."

Only a few of the Kansas cases cited in the majority opinion here, when properly analyzed, appear to support the decision in the instant case; and the opinion in the instant case, and in the other Oklahoma cases followed by it, are in irreconcilable conflict with the oft-repeated holding of this court that the trial judge has a wide discretion in granting or refusing a new trial, as the decision here allows him no discretion whatever in respect to the ground under consideration, but makes it his duty to grant the motion if he does not think the jury has reached a correct conclusion, and to overrule it only if he has reached the same conclusion.

This case should be remanded for another trial unless the trial judge should determine that the verdict is either true or at least is not palpably against the weight of the evidence, or, in other words, is not one which reasonable men could not have returned except through mistake, prejudice, or corruption in the discharge of their duty; but, as this court cannot weigh the evidence for this purpose and there is nothing before us to show that the trial court thought the verdict palpably wrong, a new trial ought to be unconditionally directed here. It appears to me that the opinion of this court fails to observe the broad distinction between that judicial approval of verdicts as either true or as not clearly or palpably wrong required of trial judges and. that absolute mental acquiescence or agreement in affirmative belief or in disbelief lead to the verdict which is not so required. There are, of course, different degrees of positiveness in belief and in disbelief; and, although a trial judge may not agree with a jury in their belief and finding for a party having the burden of proof or in their disbelief and finding against such a party, it does not necessarily follow

that the verdict should be set aside upon a motion for a new trial. It is only where the verdict is palpably wrong, that is, plainly against the evidence or the weight thereof, and so unreasonable that a jury, acting as reasonable men, could not have found it if they had really performed the duty cast upon them, that it is the duty of the trial court to set aside a verdict upon a motion for a new trial upon the ground that the verdict is not sustained by sufficient evidence. It is true, as in the instant case, that courts have sometimes failed to discriminate in this regard; and we find the same court saying at one time that it is the duty of the trial judge to set aside a verdict of the jury when it is manifestly, clearly, or palpably wrong and at another time stating in effect at least the very different rule that such duty exists whenever the trial judge does not agree with the finding of the jury. If the latter rule is the correct one, it is the duty of the trial court to set aside a verdict whenever he does not agree with the jury in belief or disbelief leading to the verdict upon the question at issue, although different minds might reasonably reach different conclusions thereon in the state of the evidence; but, if the other rule is correct, this duty arises only when it appears to the trial judge that there is no room for reasonable difference of opinion, that is, when the verdict is palpably wrong. It does not follow from the above-quoted statement that the trial judge thought the verdict was clearly or palpably wrong, as this statement does not indicate the degree of his difference from the jury in belief or disbelief, and, if the question had been submitted to him, he might have reached a different conclusion from that reached by the jury, no matter how little short of a fair preponderance in favor of the plaintiff he thought the evidence fell or what slight doubts he had as to the truth of the verdict.

The trial court did not announce that there was no room for reasonable difference of opinion as to the truth of the question at issue, or, in other words, he did not say that the verdict was clearly or palpably wrong. In view of the somewhat confusing state of our own and the Kansas decisions relating to this question, a brief historical review of the law of the same appears to be warranted. In 2 Jones' Blackstone, sec. 510, p. 1998 (p. 287), it was said to be the practice to award a new trial "if it appears by the judge's report, certified to the court, that the jury have brought in a verdict without or contrary to the evidence, so that he is reasonably dissatisfied therewith. * * * " And it is there further said:

"If two juries agree in the same or a similar verdict, a trial is seldom awarded; for

the law will not readily suppose that the verdict of any one subsequent jury can countervail the oaths of the two preceding ones."

It does not appear from these quotations from Blackstone that absolute agreement between judge and jury was then essential to judgment on a verdict; but it there appears that, without regard to whether the judge agrees with the jury, more than one new trial is seldom awarded; and for many years the English courts have uniformly adhered to the views for which I contend in the instant case.

For instance, in Metropolitan R. Co. v. Wright,.L. J. Q. B. 401, 11 App. Cas. 152, 54 L. T. 658, 34 W. R. 746—H. L. (E), it was held:

"In granting a new trial on the ground that the verdict was against the weight of evidence, the court must be satisfied, not merely that the verdict was one which reasonable men ought not to have given, but that it was so unreasonable that a jury could not properly give it if they really performed the judicial duty cast upon them."

In that case the Lord Chancellor (Earl of Selborne) said, among other things:.

"I have always understood that it is not enough that the judge who tried the case might have come to a different conclusion on the evidence, or that the judges in the court where the new trial is moved for might have come to a different conclusion; but there must be such a preponderance of evidence, assuming there is evidence on both sides to go to the jury, as to make it unreasonable, and almost, if not quite, perverse, that the jury when instructed and assisted properly by the judge should return such a verdict."

In Webster v. Fredeberg, L. J. 55, Q. B. 403, 17 Q. B. D. 736, 55 L. T. 49, 34 W. R. 746—C. A., Lord Esher, M. R., delivering the opinion of the Court of Appeals, said, among other things:

"In Metropolitan R. Co. v. Wright, (1) Lord Selborne (in the Court of Appeals) stated the rule as I have always supposed it to be, and the House of Lords took exactly the same view."

In the earlier case of Solomon v. Bitton, 8 Q. B. D. 176—C. A., as explained in Webster v. Fredeberg, supra, it was held:

"The question whether a new trial should be granted, on the ground that the verdict was against the weight of evidence, must depend upon whether the verdict was such as reasonable men ought (not) to have given. and not upon whether the learned judge who tried the action was dissatisfied or not with the verdict."

In Australian Newspaper Co. v. Bennett, L. J. 63, P. C. 105, [1894] A. C. 284, 6 R. 484, 70 L. T. 597, 58 J. P. 604—P. C., it was held:

"A new trial cannot be granted unless the verdict was such as no jury could have found as reasonable men."

To the same effect as the foregoing, see the following additional English cases: Aitken v. McMeckan, [1895] A. C. 310—P. C.; Hampson v. Guy, 64 L. T. 778—C. A. S. P.; Ferrand v. Bingley Local Board, 56 J. P. 277—C. A.; Brisbane Municipality v. Martin, [1894] A. C. 249—P. C. S. P.; Dallas v. G. W. Ry. 57 J. P. 584—C. A.; Brown v. Ry. Com., 59 L. J., P. C. 62, 15 App. Cas. 240, 62 L. T. 469—P. C.

I am unable to agree that in this jurisdiction the verdict of a jury is less conclusive or the function of the jury less important than stated in these English cases. In volume 4, pt. 1 Minor's Institutes, 837, it said:

"A motion for a new trial is addressed to the court which tried the cause, and is an appeal to the equitable discretion of the court to prevent a palpable and material wrong. The motion, therefore, is never to be granted if the court conceives that the substantial legal justice of the case has been reached, notwithstanding irregularities may have occurred; nor is it to be granted where the failure of justice has not been palpable; nor where the wrong done, however palpable 'it may be, is trivial in extent. The court does not exercise a power of appeal from the jury, but interposes its equitable authority to prevent the jury from inflicting by their verdict, a gross, material, and palpable wrong."

In Pleasant v. Fant, 22 Wall. 116, 22 L. Ed. 780, it is said:

"It is the duty of the court in its relation to the jury to protect parties from unjust verdicts arising from ignorance of the rules of law and of evidence, from impulse of passion or prejudice, or from any other violation of his lawful rights in the conduct of a trial. This is done by making plain to them the issues they are to try: by admitting only such evidence as is proper in these issues, and rejecting all else; by instructing them in the rules of law by which that evidence is to be examined and applied; and finally, when necessary, by setting aside a verdict which is unsupported by evidence or contrary to law.

"In the discharge of this duty it is the province of the court, either before or after the verdict, to decide whether the plaintiff has given evidence sufficient to support or justify a verdict in his favor. Not whether on all the evidence the preponderating weight is in his favor, that is the business of the jury, but conceding to all the evidence offered the greatest probative force which, according to the law of evidence, it is fairly entitled to, is it sufficient to justify a verdict? If it does (is) not, then it is the duty of the court after a verdict to set it aside and grant a new trial."

Also, see Cowperthwaite v. Jones, 2 Dall. 55, 1 L. Ed. 287, and Louisville & N. R. Co. v. Woodson, 134 U. S. 614, 10 Sup. Ct. 628, 33 L. Ed. 1032.

In Ireton v. Ireton, 62 Kan. 358, 63 Pac. 429, it is said:

"Upon an application. for a new trial because the evidence does not sustain the verdict, it is the duty of the trial court, though not of an appellate court, to weigh the evidence, although conflicting, and, if the verdict is clearly against the weight of the evidence and does not meet the approval of the court, it should be set aside."

Also, see Kan. Pac. R. Co. v. Kunkel, 17 Kan. 145, especially pages 172 and 173.

I should not state the rule against granting new trials quite so strongly as stated in Pleasants v. Fant, supra, but I prefer to state it as done in the English cases cited and in the quotations from Minor's Institutes and in Ireton v. Ireton, supra.

In Hogan v. Bailey, 27 Okla. 15, 110 Pac. 890, cited and quoted in the opinion of the court, in the instant case, the error complained of was the granting of a new trial by the trial judge, so that case cannot be regarded as in point here; and in Yarnell v. Kilgore, 15 Okla. 591, 82 Pac. 990, also cited and quoted in the opinion in the instant case, it is said:

"The theory that, where there is any evidence to support the verdict, it must be upheld, taken by the trial court, is not supported by the authorities. This court has expressly declined to follow that rule, but, on the contrary, has repeatedly held that, if the evidence does not reasonably support the verdict, it should be set aside; and this rule has been adopted because it is made the duty of trial courts to pass upon the sufficiency of the evidence, when required to do so, in a motion for a new trial."

The evidence does not reasonably support the verdict when clearly or palpably wrong; but, if different conclusions might be reached by different minds as to the truth of the verdict, it is reasonably supported by the evidence, although the trial judge might have reached a different conclusion.

The case of Rison v. Harris, 50 Okla. 764, 151 Pac. 584, and the other Oklahoma cases cited and quoted in the opinion of the court in the instant case, are squarely in point and support the conclusion reached in the opinion of the majority of my associates and the views therein expressed; but in my opinion these cases are not correctly decided, and, being in violation of the constitutional right of trial by jury, together with any later cases following them, should be overruled.

In Serles v. Serles, 35 Or. 289, 297, 57 Pac. 634, 636, which is also cited and quoted in the majority opinion in the instant case and is very similar to this case, it is said:

"The defendants were entitled to have their motion for a new trial passed upon in pursuance of correct principles of law, and, the trial court having failed in this, the cause will be remanded, with directions to determine the motion under the rules herein announced."

So, in the instant case, the trial judge should be directed to determine the motion for a new trial in accordance with the rules herein stated, and, if he should no longer be the judge or is unable for any reason to comply with the order, the plaintiff should have a new trial; but no good reason appears why this court should direct a new trial unconditionally.

In this case, the action, verdict, and judgment are predicated upon the alleged and found negligence of the defendant in failing to provide and keep on one of its engines a screen or shield for the water glass so as to protect its employes, while looking at such glass to ascertain if the engine has a proper supply of water, against the danger of injury from the explosion of the same. The plaintiff below suffered injury to his eyes and face in the discharge of his duty in this regard as a result of such an explosion at a time when there was no such screen or shield in place to protect him from the same.

The defense, strongly supported by evidence, presented the theory that the plaintiff, in accordance with a custom of such employes, had, at the time of the explosion, himself removed the screen or shield for his own convenience in examining the water glass, so that the defendant was not in any manner responsible for its absence. There seems to have been practically no question but that the defendant below was liable if the absence of the screen or shield was due to its negligence, and, conversely, no question but that it was not otherwise liable.

I agree with the opinion of the court that there is no reversible error, although technical error against the defendant below, in the instruction without any qualification that it was the defendant's duty to furnish the plaintiff a safe place in which and safe appliances with which to work, as reasonable care to do so is all that the law requires.

And, in view of the issue of fact as stated above, I also agree with the opinion of the court that, although there is error against the defendant below, there is no reversible error in that portion of the following instruction which I emphasize:

"The railway company is not an insurer of the employes against accidents, and its **duty is completed if it exercised a high degree of care in furnishing appliances which are reasonably safe."**

Ordinary care, and not a "high degree of care," was the measure of the duty of the defendant below; but the court elsewhere repeatedly instructed the jury to the effect that ordinary care was all that was required of it; and, as the actual issue seems to have been merely whether it did or did not furnish the screen or shield, it is not perceived how any question of the degree of care required of the defendant below was involved or could be said to have probably resulted in a miscarriage of justice.

Further, there is but one degree of care required under any single given state of facts or circumstances, that is, the care of a reasonably prudent and careful man in that particular situation, although three different degrees of care (section 2688, Stat. 1890; section 2918, Rev. Laws 1910) are required under different states of facts and circumstances (City of Shawnee v. Cheek, 41 Okla. 243-244, 137 Pac. 731, 51 L. R. A. [N. S.] 672, and 2 Modern American Law, 166, 167) ; and, as the jury have only one state of facts or circumstances to consider in applying the law, it seems of little practical importance in such cases as this whether the degree of care be referred to as high or ordinary.

I am wholly unable to understand or agree with the view of the court that these nonreversible errors in the instructions are so augmented by the subsequent error of the court in declining to properly weigh the evidence and apply the correct rule thereto in considering the motion for a new trial as to become reversible, or that the error in declining to properly weigh the evidence and apply the correct rule thereto is augmented by such nonreversible errors in the instructions, or that any combination of the errors in the instructions with the error in declining to weigh the evidence can affect the question as to whether this case should be reversed, as the question as to whether the jury probably erred as the result of errors in the instructions and the question as to whether the judge subsequently erred in a different respect in overruling the motion for a new trial are so foreign to each other as to forbid their association for any such purpose.

As I have already stated, this case should only be remanded with instructions to again pass on that motion, if he can do so fairly, and in doing so to weigh the evidence and thereupon to determine whether the verdict is palpably against the weight of the same, in accord with the views expressed in this opinion; and, if (because of a change in the person of the trial judge or his inability to remember the evidence and its effect upon his mind at the time of the trial, or because of any other sufficient reason) he is unable to fairly weigh the evidence for the purpose stated, he should be instructed to grant a new trial.